ADDISON STEARNS, as Executor, etc., Respondent, v. LORENZO D. GAGE, Impleaded, etc., Appellant.

A purchaser, for a valuable consideration, is not chargeable with constructive notice that the conveyance to him was made by his vendor with intent to defraud creditors; actual notice is required to impair or affect his title. (2 R. S., 137, § 5 )

M., being insolvent, conveyed to his son F., who was then a man of no means, his farm, which was worth from $10,000 to $11,000. F. was then twenty-six or twenty-seven years old; after he became of age he continued working on the farm under no express agreement, except for a year previous to the conveyance, when he worked it on shares. The farm was conveyed subject to a mortgage of $4,000. F., to secure a portion of the purchase money, gave back a mortgage of $3,500, and $1,500 was agreed upon and allowed for the services of F., after he became of age, and for his share of the proceeds of the farm for the last year which M. had received. F. also gave to M. a note for $500, and executed a written agreement, by which, for an expressed consideration of love and affection and of $100, he agreed to support M., and to pay him $500 on demand, in case he should think it the duty of F. so to do. By another writing, executed about six weeks thereafter, M. conveyed to F. all his farming utensils and farm property in con ideration of $1,200, for which F. gave his notes. In an action by judgment creditors of M. to set aside the deed as fraudulent, held, that the facts authorized a finding that in and by the transaction the parties intended to hinder, delay and defraud the creditors of M.; and so, that the deed was void.

F. subsequently conveyed the farm to L., his uncle, for $12,000, which the grantee paid. There was no proof of actual knowledge on the part of L. of the fraudulent ntent in the first transaction. The referee found that L. knew M. was embarrassed, but supposed him good at the time of his conveyance; that L. knew of the agreement for the support of M.; that before the conveyance to himself he, as administrator of M., took an inventory of his personal estate, and from the claims presented, knew that M. was insolvent at the time he conveyed; also, that he

knew of the pecuniary circumstances of F. at that time. L. testified that he understood F. paid $10,000, besides the agreement to support his father; that he had no design to hinder, delay or defraud, and did not know and had not been informed at the time he purchased that M. had any such design when he conveyed. *Held*, that the facts were insufficient to charge L. with constructive notice of the fraudulent intent on the part of M.; also that constructive notice was insufficient, actual notice was required to affect or impair the title of L.

(Argued November 13, 1879; decided December 2, 1879.)

Appeal from judgment of the General Term of the Supreme Court, in the fourth judicial department, affirming a judgment in favor of plaintiff, entered upon the report of a referee.

The nature of the action and the facts appear sufficiently in the opinion.

*H. L. Comstock*, for appellant. Defendant being a purchaser for a valuable consideration was not chargeable with knowledge of his vendor's fraudulent intent, unless he had actual notice. (2 R. S., 137, § 5; *Birdsall* v. *Russell*, 29 N. Y., 220, 250; *Baker* v. *Bliss*, 39 id., 74.)

*Wm. H. Smith*, for respondent. Defendant had sufficient notice to excite his attention, and whether he had actual notice or not, he had notice sufficient to put him upon inquiry, and was not a *bona fide* purchaser. (Kerr on Fraud and Mistake [Am. ed. by Bump], 236, 237, 238; *Williamson* v. *Brown*, 15 N. Y., 354; *Baker* v. *Bliss*, 39 id., 70.) It is no answer that he paid full value for the land. (*Fullerton* v. *Viall*, 42 How., 294.)

Miller, J. The plaintiff brings this action mainly for the purpose of vacating two conveyances of real estate, upon the ground that they were fraudulent as against creditors. The first conveyance was made by one Marvin Gage to his son, Franklin B. Gage, on the 1st day of April, 1871. The farm was subject to a mortgage of $4,000. A mortgage was

given for $3,500 to secure a portion of the consideration money and the sum of $1,500, which it was then agreed was due from the father to the son, was allowed for work and labor performed by the son for the father after the son became twenty-one years of age, and for the share of the son for working the farm the preceding year, which the father had received. ' The son also made a note to his father for the sum of $500, payable in six months, and at the same time entered into an agreement in writing by which, in consideration of love and affection and of $100, he agreed to support his father as provided and to pay him the sum of $500 on demand if the father thought it his duty to do so.

By another writing, executed on the fifteenth day of May following, the father transferred to the son his farming utensils and farm property, in consideration of $1,200, for which three promissory notes were given by the son of $400 each, payable on time. The son, since he became of age, had resided at home, rendering service on his father's farm under no express agreement, except for one year preceding the sale when he worked it on shares, until the time of the conveyance to him when he was about twenty-six or twenty-seven years of age. The fair value of the farm at this time the referee finds was from $10,000 to $11,000.

At the time of the conveyance by Marvin Gage to his son of the farm owned by him, he was largely in debt and insolvent. The son had no property or means save his claim against his father. Considering that a portion of the consideration was for the services of his son for an amount which was not specifically stated, and that a provision was made for the benefit of the father in the arrangement, there was sufficient to warrant the conclusion of the referee that in and by the transaction the parties intended to hinder, delay and defraud creditors, and that the deed was void against the plaintiff's demand for that reason.

A different question arises as to the deed executed by Franklin B. Gage to his uncle Lorenzo D. Gage. The grantee paid the sum of $12,000 for the farm, which,

as we have seen, was found by the referee, to have been of less value. Having thus paid a full consideration, and with that fact to rebut any presumption of a fraudulent intent of Lorenzo D. Gage, and with no evidence of knowledge of the latter of such intent between the father and the son, and no proof that the amount secured was misappropriated or not applied to the payment of the debts of Marvin Gage, it is not manifest upon what principle of law the deed to the defendant can be adjudged fraudulent and void.

The ground of liabilty as stated by the referee is that the facts found by him " were sufficient to put the said Lorenzo D. Gage, at the time he purchased and took the deed from said Franklin B. Gage, upon inquiry as to the real nature and intent of the transaction by which the said Franklin acquired the title from his father, and amount, in law, to a constructive notice of such transaction and the intent with which it was made by the parties thereto ;" and as a conclusion of law, " that the facts hereinbefore found were sufficient to put the said Lorenzo D. Gage, at the time he purchased and took the deed from said Franklin B. Gage, upon inquiry," etc. These findings are based upon the supposed knowledge of the defendant, Lorenzo D. Gage, in the summer of 1871, of the affairs of his brother, and that he was embarrassed and pressed by his creditors, notwithstanding that he testified he did not know that his brother was embarrassed and that he supposed Marvin to be good, as the referee also found. They are also founded upon the knowledge of Lorenzo of the agreement of the son to support his father, and that as administrator of the father after his decease, he took an inventory of his personal estate, and from the claims presented he became aware that the father was insolvent and in failing circumstances at the time he conveyed the farm to his son, and that he knew of the pecuniary circumstances of the son at the time he received the deed.

The defendant, Lorenzo D. Gage, testified that he understood that Franklin had paid $10,000 besides the agreement

to support his father. He also knew that Franklin was allowed $1,500 for his work and services after he became of age, and for his share of the profits of the farm for one year which is not shown to be an extravagant sum, and, as he swears, Franklin was always a thrifty, provident and industrious man of good habits. That he had no design to hinder, delay or defraud, and that he did not know, and had not been informed at the time of the purchase, that at the time of the conveyance to the son Marvin Gage had any design to defraud his creditors. We think the findings of the referee were not sufficient to warrant the conclusion arrived at. The purchase of the farm by Lorenzo D. Gage for more than its value is a strong and, I think, controlling fact against the finding of the referee; for it is hardly to be supposed, under such circumstances, that the defendant would have been likely to commit a fraud, and thus jeopard the validity of the conveyance to himself and render himself personally liable for the debts of his brother Marvin. His whole conduct during the transaction is in direct conflict with any such theory and tends strongly to establish that he acted in entire good faith and without any fraudulent purpose; and it is proved that he paid a larger value for the farm than it was actually worth because it adjoined his own farm and he desired to purchase it for his son. Considering the circumstances to which we have adverted, without any proof that the defendant reaped any pecuniary advantage by the purchase as against the creditors of Marvin Gage, or that any creditor suffered or was defrauded thereby, and with testimony establishing beyond controversy that the consideration was full and sufficient, we are not prepared to hold that he had constructive notice of any defect in the grantor's title and was chargeable with fraud.

The principles which govern and control the doctrine of constructive notice as to fraud are well defined and familiar. The rule is stated by SELDEN, J., in *Williamson* v. *Brown* (15 N. Y., 362), to be that when a purchaser has knowledge of any fact sufficient to put him on inquiry as to the exist-

ence of some right or title in conflict with that he is about to purchase, he is presumed either to have made inquiry and ascertained the extent of such prior right, or to have been guilty of a degree of negligence fatal to the claim to be considered a *bona fide* purchaser. It is also held in *Baker* v. *Bliss* (39 N. Y., 70), that to charge a party with such notice, the circumstances known to him must be such as ought reasonably to have excited his suspicion and led him to inquire. In the case at bar it is not apparent that the purchaser was acquainted with any fact which might create a well grounded belief that there was any defect in the title of his grantor. There is evidence to show that he had reason to believe, and did suppose, that a full consideration had been paid for the farm, independent of the agreement to support the father of his grantor. He also knew that his grantor had worked for his father for a number of years, and had no occasion to question the validity of the claim allowed for his services. Under such evidence it cannot be claimed that any question as to constructive notice was presented upon the trial

Be that, as it may, however, we think that this is not material, as actual notice is required where a valuable consideration has been paid. The statute relating to fraudulent conveyances (2 R. S., 137, § 5) provides that its provisions " shall not be construed, in any manner, to affect or impair the title of a purchaser for a valuable consideration, unless it shall appear that such purchaser had previous notice of the fraudulent intent of his immediate grantor, or of fraud rendering void the title of such grantor." This plainly means that actual notice shall be given of the fraudulent intent or knowledge of circumstances which are equivalent to such notice. Circumstances to put the purchaser on inquiry where full value has been paid are not sufficient. If he knew of the fraud, that would be enough. It is not found that he had such knowledge in the case considered. As there is no such finding, we may assume that he had no knowledge of the fraud ; and without this no case is established which would invalidate the conveyance to him and warrant the con-

clusion of the referee. No authority has been cited which sustains the principle that a purchaser for a valuable consideration, without previous notice, is chargeable with constructive notice of the fraudulent intent of his grantor ; and such a rule would carry the doctrine of constructive notice to an extent beyond any principle which has been sanctioned by the courts, and cannot be upheld.

It follows that the referee was wrong in his conclusion ; and for this error the judgment must be reversed and a new trial granted, with costs to abide the event.

All concur, except RAPALLO and EARL, JJ., not voting.

Judgment reversed.