JOSEPH FARLEY, JR., AND OTHERS, APPELLANTS, v. ABRAM CARPENTER, RESPONDENT, IMPLEADED, ETC.

27 359
86 255

*Fraudulent conveyance — actual knowledge of fraudulent intent must be shown in the case of a purchase for a valuable consideration.*

The title of one purchasing land for a valuable consideration from an insolvent debtor cannot be avoided by the creditors of the latter, unless it be shown that the purchaser had actual notice of the debtor's fraudulent intent. It is not sufficient to show that he had constructive notice thereof.

*Stearns* v. *Gage* (79 N. Y., 102) followed.

APPEAL from a judgment, entered in Onondaga county, upon the report of a referee dismissing the plaintiffs' complaint.

*J. K. Hopkins*, for the appellants.

*Lansing & Lyman*, for the respondent.

HAIGHT, J. :

This action was brought to set aside a conveyance of real estate made by the defendant Charles Carpenter, to the defendant Abram Carpenter, on the ground that the same was made with intent to hinder, defraud and delay the plaintiffs, who were judgment creditors of the defendant Charles Carpenter. The referee found as a fact, that the conveyance was made by Charles Carpenter, with the intent on his part to hinder, delay and defraud his creditors, including the plaintiffs, and that he thereafter left the State with like intent. The referee also found, that the defendant, Abram Carpenter, purchased the land in question and paid full consideration therefor, without knowledge or notice of the fraudulent intent of the defendant, Charles Carpenter; and as a conclusion of law found that the conveyance was valid and free from fraud, and that the complaint should be dismissed.

The appellants' attorney submitted to the referee numerous requests to find, as to the facts and conclusions of law. The referee has omitted to note in the margin the manner in which each proposition has been disposed of by him. In the report, however, he does find upon all of the questions necessarily involved in the case. His omission to note his finding upon these propositions does not affect the validity of his report. (Code of Civil Pro., § 1023.) The whole case turns upon his finding of fact, that the defendant, Abram Carpenter, purchased without knowledge or notice of the fraudulent intent of the defendant, Charles Carpenter, and to the conclusion of law based upon such finding of fact. To these findings exceptions were filed, and they bring up for review the evidence bearing upon this branch of the case. As to the other questions of fact found by the referee, there is substantially no dispute.

The defendant Charles Carpenter is a brother of the defendant Abram Carpenter. The evidence upon which the appellant chiefly relies to establish knowledge of the fraudulent intent on the part of Charles Carpenter, is the testimony of Abram Carpenter, taken in an examination had before a referee in supplementary proceedings, which was read upon the trial of this action. Among other things he testified : "I did not know at that time (meaning the time that the conveyance was made) that he owed anything aside from me ; thought something up, from the way he talked ; he asked me to deed

this house and lot to his wife; Wednesday went to his house; he sent for me; he wanted to sell me his farm; I said, 'what is up?' he said, 'you need not ask any questions nor say anything for two or three days; if I don't sell this to you I shall to some one else;' and I did not; what was up didn't know; but thought there was something; he was always a square fellow before this; supposed he was at this time." Further on he testified that he did not suppose he was hard up; only supposed he wanted some money; that he purchased the property in good faith, and had not any intent to defraud any of the creditors of Charles Carpenter; that he did not know that his brother was going to leave the State; that he believed that he paid all the land was worth; that he has lived on and worked the farm since he got the deed; that he supposed Charles was trying to make some other shift, and that he did not wish anything said about it until he had closed the bargain. This is, in substance, the evidence bearing upon the question of notice, from which, together with the fact that he paid full value for the land, the referee has found that the conveyance was taken by Abram without knowledge of the fraudulent intent of Charles. This finding, we think, ought not to be disturbed. Abram testified that Charles had always been a square fellow before this; that he supposed he was at this time. He was his brother. It was but natural that one brother should place confidence in another, unless previous conduct had been of such a character as to forfeit such confidence. Whilst Abram had reason to suppose that something was up, by reason of the manner in which he was approached and asked to purchase the farm, still it does not necessarily follow that he should infer that his brother was designing to cheat and defraud his creditors and flee from the State.

The other question which we are called upon to consider pertains to the conclusion of law based upon this finding of fact. The appellant contends that actual notice of the fraudulent intent is not necessary; that constructive notice is sufficient; that the manner in which Charles approached Abram to sell him the farm, and the conversation that took place between them on that occasion, was sufficient to have put Abram upon inquiry as to the fraudulent intent.

This question appears to have been decided by the Court of Appeals in the case of *Stearns* v. *Gage* (reported in 79 N. Y.,

102–107). It was held in that case that constructive notice of the fraudulent intent of the grantor was not sufficient, that the party must have actual notice. This case was criticised by the appellant's counsel upon the argument of this appeal, and we notice an article containing a like criticism published over his name in 23 Albany Law Journal, page 126. The decision appears to have been the unanimous decision of the judges of the court voting. It is squarely in point, and we should not feel at liberty to disregard it even though we had doubts in reference to its being correct. Section 1, title 3, chapter 7, part 2 of the Revised Statutes (2 R. S., 137), provides: "Every conveyance or assignment, in writing or otherwise, of any estate or interest in lands, * * * made with the intent to hinder, delay or defraud creditors, * * * as against the persons so hindered, delayed or defrauded, shall be void." Section 4. "The question of fraudulent intent in all cases arising under the provisions of this chapter shall be deemed a question of fact and not of law." Section 5. "The provisions of this chapter shall not be construed, in any manner, to affect or impair the title of a purchaser for a valuable consideration unless it shall appear that such purchaser had *previous notice* of the fraudulent intent of his immediate grantor, or of the fraud rendering void the title of such grantor."

The question is, does the statute by the phrase "*previous notice* of the fraudulent intent*" mean actual or constructive notice. Actual notice is a knowledge of the fact and may be established by direct or circumstantial evidence. Constructive notice is a knowledge of circumstances which would put a careful and prudent person upon inquiry, or such acts as the law will presume the person had knowledge of, on the grounds of public policy; as, for instance, the laws and public acts of the government, instruments recorded pursuant to law, advertisements in a newspaper of a notice or process authorized by statute.

A person may be chargeable with constructive notice and still have no actual notice. Fraud implies an evil or illegal intent. Such intent can only exist in case of knowledge. Under this statute, fraud is not a question of negligence, it is a question of knowledge and intent; a party may be negligent in not examining the records for liens and incumbrances on real estate before purchase, and still be strictly honest, and innocent of fraud.

The appellant's counsel contends that this decision is in conflict with numerous other decisions in the Court of Appeals, and he cites the cases of *Williamson* v. *Brown* (15 N. Y., 354); *Baker* v. *Bliss* (39 id., 70); *Reed* v. *Gannon* (50 id., 345); *Bennett* v. *Buchan* (76 id., 386). Neither of these cases bear upon the question. Neither of them was brought under the provisions of this statute. In neither of those cases was fraud alleged or claimed to exist on the part of the persons held to be chargeable with constructive notice. There are many cases in which a person purchasing real estate is chargeable with constructive notice of the existence of liens, incumbrances, and so on; but our attention has not been called to a single case in the Court of Appeals, brought under this statute, where fraud is charged as the gravamen of this action, in which it has been held that there can be a recovery against the grantee, without actual notice of the fraudulent intent of his grantor.

The judgment should be affirmed, with costs.

SMITH, P. J., and HARDIN, J., concur in the result, on the ground that this court is bound to follow the rule laid down in the Court of Appeals in *Stearns* v. *Gage* (*supra*); that the proof of actual notice to the vendee of the fraudulent intent of the vendor is requisite in order to avoid a conveyance for fraud as against the creditors, where a valuable consideration has been paid.

Judgment affirmed, with costs.