FREDERICK Booss et al., Respondents, *v.* MARGARET A. MARION et al., Appellants.

Where an assignment for the benefit of creditors, executed by the members of a firm, by its terms assigned all the partnership property and the individual estate of each of the assignors, and, after preferring certain firm creditors, directed the assignee with the residue to pay in full all other debts and liabilities of the assignors, "together or respectively," and if the residue was insufficient, to apply it toward such payment "ratably and in proportion," and it appeared that there were individual debts, *held,* that the assignment was upon its face fraudulent and void as to firm creditors, as its effect was in one contingency to devote part of the partnership property to the payment of individual debts of the assignors before payment in full of all the partnership debts; also that it was not validated by the fact that the assets were insufficient to pay the preferred debts.

(Argued December 9, 1891; decided January 20, 1892.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order

made the first Tuesday of January, 1891, which affirmed a judgment in favor of plaintiff, entered upon a decision of the court on trial at Special Term.

This action was brought by plaintiffs as judgment creditors of the firm of Marion & Co., to set aside, as fraudulent and void, an assignment for the benefit of creditors, executed by the defendants, Margaret A. and James Marion, who composed said firm, to the defendant John F. Kinney.

The assignment, by its terms, grants and assigns all the copartnership and individual estate, property and effects of every description belonging to the parties of the first part, or either of them. After providing for the payment of the expenses of executing the trust, and of wages due to employes, it directs the assignee to pay certain preferred debts, most of which appear on the face of the provision to be debts of the copartnership; the four last items are as follows: " And to J. Fahy & Co. and James G. Comerford of Rochester, N. Y., the amount of their accounts; and also to A. J. Kirley the sum of $70, and to R. G. Dun & Co. the sum of $50." Then follows a direction to the assignee in these terms: " 4th. To pay and discharge in full, if the residue of said proceeds is sufficient for that purpose, all the debts and liabilities now due or to grow due from the parties of the first part, together or respectively, with all interest moneys due or to grow due; and, if the residue of said proceeds shall not be sufficient to pay the said debts and liabilities and interest moneys in full, then to apply the said residue of said proceeds to the payment of said debts and liabilities, ratably and in proportion." The court found the assignment correctly set out in the complaint; that the debts preferred to Fahy & Co. and Comerford were fictitious, being made to appear by an alteration of the books of the firm, whereby an individual indebtedness of Margaret A. Marion, of between $700 and $800 to each of said pretended creditors of the firm, was credited to each of them, respectively, and charged to Margaret A. Marion, with the result that what were, in fact, individual debts of Margaret A. Marion to the creditors named became apparent

debts of the firm to them, and were preferred as such; that such alteration of the books of the firm was made at about the time the assignment was made, without the knowledge of either of the copartners, by one Francis E. Marion, the husband of Margaret A., who was general manager, and had sole charge of the business of the firm, that such fictitious preferences were supposed by the assignors to be actually correct when the schedules were made in which the several amounts of those preferences were specified. The court further finds: "8th. That in said assignment the said assignee was directed, after the payment of the preferred creditors, to devote the remainder of the proceeds, or so much thereof as might be necessary, to the payment of the debts of said firm of Marion & Co., and the individual debts of Margaret A. Marion and James Marion, ratably, and share and share alike; and that said payments were to be made out of the proceeds of the sale of the individual and firm property without discrimination. That the individual debts of Margaret A. Marion amounted to several hundred dollars." And as a conclusion of law, the court finds that the assignment is fraudulent and void as to the plaintiffs and such other judgment creditors as may come in.

*Edward F. Wellington* for appellants. The complaint charged only that the assignment was made with intent to hinder, delay and defraud creditors, and the judgment cannot be sustained upon findings which negatived the allegations of the bill and made out a new and unsuggested case. (*Day* v. *Town of New Lots*, 107 N. Y. 154, 155; *Wright* v. *Delafield*, 25 id. 266; *Salisbury* v. *Howe*, 87 id. 132, 133; *Ferguson* v. *M. L. Ins. Co.*, 22 Hun, 326; *Baird* v. *Mayor, etc.*, 96 N. Y. 603.) If the assignment was fraudulent and void *per se*, it was so on account of the grammatical construction given to the assignment itself by the courts below, and the appellants insist that such interpretation is forced and wrong. (*Crook* v. *Rindskopf*, 105 N. Y. 485; *Townsend* v. *Stearns*, 32 id. 209; *E. S. Bank* v. *Roche*, 93 id. 378; *Platt* v. *Lott*, 17 id. 480; *Kellogg* v. *Slauson*, 11 id. 305.) The judgment is wrong, for

the reason that the plaintiffs did not rest upon the document, but went on into the question of actual fraudulent intent to make the debts of Margaret debts of her firm. From that moment the question of construction became subordinate and the plaintiffs could only succeed upon the issue of actual fraud, and the court has found the defendants innocent. (*Crook* v. *Rindskopf*, 105 N. Y. 481; *Jaycox* v. *Turner*, 40 id. 475; *Hurlbut* v. *Dean*, 2 Keyes, 97.) It is no objection to the validity of this assignment that it preferred over other partnership debts these debts of Margaret A. Marion, not originally contracted by the firm, but which they had assumed and become liable to pay. (*Turner* v. *Jaycox*, 40 N. Y. 475; *Wilson* v. *Robertson*, 21 id. 572; *Bernheimer* v. *Rindskopf*, 116 id. 439.) Assuming that Frank Marion changed the books with some meretricious intent of his own in which his employers had no part, the question comes squarely before this court, whether an honest assignment will be set aside because some third person, upon whom the assignors of necessity relied for their information, misled them. (*Hardman* v. *Bowen*, 39 N. Y. 200; *Shultz* v. *Hoagland*, 85 id. 468; *Warner* v. *Jaffray*, 96 id. 253.) The act of Frank Marion, at the worst, was merely a fraud upon the assignment, and could not avoid the instrument. The assignee could have maintained an action to set aside the Fahy and Commerford transactions in aid of the trust. If he had refused, these creditors might have maintained it. But this action to set aside the assignment itself cannot be upheld upon the facts which exist. (*Loos* v. *Wilkinson*, 110 N. Y 198, 200, 210; *Spring* v. *Short*, 90 id. 545; *Crouse* v. *Frothingham*, 97 id. 112; Laws of 1858, chap. 314; *Southard* v. *Benner*, 72 N. Y. 424.)

*David N. Salisbury* for respondents. The allegations of the complaint are sufficient. (3 R. S. 23–29, §§ 1–4; *Durant* v. *Pierson*, 29 N. Y. S. R. 510; *Wilson* v. *Robertson*, 21 N. Y. 587; *Hulbert* v. *Dean*, 2 Keyes, 97.) If there is any evidence to support the findings of fact excepted to, they, as well

as those not excepted to, are binding and conclusive upon this court. (*Quincy* v. *White*, 63 N. Y. 370; *Barker* v. *White*, 58 id. 204; *Stillwell* v. *M. L. Ins. Co.*, 72 id. 385.) The preferred claim in favor of J. Fahy & Co. was fictitious. (3 R. S. [7th ed.] 2276, § 3; *Terry* v. *Butler*, 43 Barb. 395; *Talcott* v. *Hess*, 31 Hun, 282–284; *Shultz* v. *Hoagland*, 85 N. Y. 464, 468; *Menagh* v. *Whitwell*, 52 id. 146; *Ransom* v. *Van Deventer*, 41 Barb. 307; *Victor* v. *Henlein*, 34 Hun, 562.) The directions to pay Commerford and Fahy & Co. each a sum exceeding the amount due them rendered the assignment fraudulent and void. (*De Camp* v. *Marshall*, 2 Abb. [N. S.] 373; *Tieden* v. *Day*, 2 Sandf. 594; *Meade* v. *Phillips*, 1 Sand. C. N. 83; *Frazier* v. *Truax*, 27 Hun. 587; *Talcott* v. *Hess*, 31 id. 232; *A. E. Bank* v. *Webb*, 36 Barb. 29.) The assignment provided for the payment of the individual debts of each member of the firm from copartnership property, and the debts of each individual member of the firm out of the proceeds of the individual property of the other member of the firm, and is, therefore, upon its face fraudulent and void. (*Platt* v. *Hunter*, 11 Wkly. Dig. 300; *Willson* v. *Robertson*, 21 N. Y. 587; *Shiel* v. *Healey*, 61 How. Pr. 73; *O'Neil* v. *Salmon*, 25 id. 246; *National Bank* v. *Cohen*, 6 N. Y. S. R. 380; *Hulbert* v. *Dean*, 2 Keyes, 97–99; 2 Abb. Ct. App. Dec. 428; *Menagh* v. *Whitwell*, 52 N. Y. 146; *Kerchies* v. *Schloss*, 49 How. 284, 285; *Frazier* v. *Truax*, 27 Hun, 587; *In re Lewis*, 81 N. Y. 421; Story on Part. § 152; *Grande* v. *Colwell*, 5 Cow. 489; *Dobb* v. *Holses*, 16 Johns. 33; *Effingham* v. *Ensworth*, 7 Wend. 326; *Bendall* v. *Hattrick*, 1 Sweeny, 405; *Laverty* v. *Garraty*, 1 Wend. 529–531; *Bank of Rochester* v. *Bowen*, 7 id. 158; *Wilson* v. *Petterkin*, 14 id. 146; *Stainers* v. *Tyson*, 3 Hill, 279; Pothier on Obligations, 83; *Geary* v. *Cockroft*, 1 J. & S. 146.) Upon the evidence the court would have been warranted in finding additional facts which would have supported the conclusions of law found. (Story on Part. § 133; *Rogers* v. *Peters*, 12 Pet. 229; *Menagh* v. *Whitwell*, 52 N. Y. 146; *Ransom* v. *Van Deventer*, 41 Barb. 307; *Vietor* v.

*Henlein*, 34 Hun, 562; *Shultz* v. *Hoagland*, 85 N. Y. 464–468; *De Camp* v. *Marshall*, 2 Abb. [N. S.] 373; *Bailey* v. *Howe*, 18 J. & S. 100; *White* v. *Fagin*, 18 Wkly. Dig. 358.)

PECKHAM, J.    We think this judgment should be affirmed for the reasons stated in the opinion given at the General Term.    We will add but a few words, which are suggested by the argument of the counsel for the appellant before us.    The construction which the Supreme Court gave to the language used in the assignment is, we think, the only one permissible.

The effect of the assignment is in one contingency to devote part of the partnership property to the payment of individual debts before payment in full of partnership debts, and there is an express finding that there were such individual debts of one of the partners.    There is evidence sufficient to justify it.    In *Crook* v. *Rindskopf* (105 N. Y. 476) the members of the firm executed the assignment for the benefit of their creditors, and devoted all their property to the payment of the copartnership debts, and after such payment, if there should be any residue, it was to be applied to the payment of the individual debts of the assignors or either of them.    One member of the firm owned individual assets of the value of $30, and the other of the value of $10, and their individual indebtedness was of an unequal amount.    It was thought hardly worthy of attention on account of the smallness of these amounts, but the construction of the assignment was, nevertheless, entered upon, and it was held that the language did not provide for the creation of a fund in the surplus after payment of firm debts, to be used indiscriminately in the payment *pro rata* of the individual debts of the members of the firm, but that if there were a surplus, the share of each partner therein was to be applied to the individual debts of such partner.    The language used here does not permit this construction.    The payment of the firm debts is not provided for in full before any payment can be made the individual creditors, but the contrary is the fact in a contingency provided for in the assignment.    If there are not enough assets to pay the preferred firm creditors,

no sufficient answer to the charge of fraud arises from that fact.

If an insolvent firm appropriate by an assignment partnership property to the payment of the individual debts of one partner, the assignment is fraudulent and void. (*Wilson* v. *Robertson*, 21 N. Y. 587.)

In case of such an assignment it has been held (*Hurlbert* v. *Dean*, 2 Keyes, 97), if it be shown and found as a fact that there are no individual debts thus provided for, the presumption of fraud may be repelled and the assignment upheld. But in this case the finding is exactly contrary. And in *Crook* v. *Rindskopf* (*supra*), the assignment having provided first for the full payment of firm creditors, such creditors, it was said, were not aggrieved, for the intention could not have been to defraud them by providing for the payment of individual creditors thereafter, even though the individual partners owned unequal amounts of individual property, which might be affected by a provision to pay the debts with the surplus *pro rata*. It never has been held that in a case where partnership assets have been by the assignment devoted in certain contingencies to the payment of individual debts, while a portion of the partnership debts remained unpaid, the stamp of fraud which the law places upon such a transaction can be rebutted by any evidence that the parties did not intend to commit a fraud.

In this case the plaintiffs endeavored to prove a fraudulent intent outside of and upon other facts than this provision of the assignment. Even if they had been unsuccessful in that endeavor, the failure did not breathe vitality into the instrument which the law denounces as a fraud because of the existence of the illegal provision therein. If the fact be that there are not enough funds in the hands of the assignee to pay the preferred debts of the firm, the other fact remains that the assignment provided for the payment of the individual debts with the firm property in certain contingencies, and the want of firm and individual assets sufficient to pay the firm debts, does not cure this vice. The failure of assets to pay preferred

creditors is not like the non-existence of individual debts in a case where an assignment provides for their payment out of firm property.   There is no contingency in such case and the provision is mere surplusage, hence totally immaterial.   But mere absence of assets with which to pay as directed may depend upon many contingencies.   The illegal intent to devote the property to an unlawful use is there in any event.   Good fortune in realizing upon sales of the property assigned may produce the assets, while in the other case there are no individual debts and no chance can create them.

Whether the provision is void or valid should not depend upon a fact of this kind, which may or may not exist, when the assignment comes to be carried out.   The invalid provision is made in case it should exist, and it is invalid when the assignment is made.

There is no error in the record and the judgment should be affirmed, with costs.

All concur.

Judgment affirmed.