JOSEPH C. WILSON, Appellant, *v.* MARGARET A. MARION et al., Respondents.

1. ASSIGNMENT FOR BENEFIT OF CREDITORS — PURCHASE OF REAL ESTATE FROM ASSIGNEE. A general assignee for the benefit of creditors is competent to deal with the assets of the estate, under an assignment fraudulent and void upon its face; and a transfer of real estate, made by him at a public sale to a purchaser for a valuable consideration, will be upheld unless it shall appear that such purchaser had previous notice of the fraud of the assignor.

2. PURCHASER FOR A VALUABLE CONSIDERATION WITHOUT NOTICE. One who purchases real estate from an assignee for the benefit of creditors, under an assignment fraudulent and void upon its face, is "a purchaser for a valuable consideration" within the meaning of 2 Revised Statutes, 137, section 5, when it appears that at the time of the purchase and of the payment of the purchase money by him, he had no actual knowledge of any fact relating to any fraud in the assignment, or of any fraudulent intent on the part of the assignor; that he did not obtain actual knowledge of any such fact or intent until after he had received the deed from the assignee; that he paid a fair price for the property, and that he had not read or examined the assignment.

3. CONSTRUCTIVE NOTICE. Nor does the fact that the purchase was made at a general assignee's sale, charge such purchaser with constructive notice of the fraudulent intent of the assignor, within the meaning of the statute above cited.

Mem. of decision below, 72 Hun, 639.

(Argued October 23, 1895; decided November 26, 1895.)

APPEAL from so much of a judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made October 3, 1893, as affirmed a judgment in favor of defendant Fahy, dismissing the complaint upon the merits as to him, entered upon the report of a referee.

The nature of the action and the facts, so far as material, are stated in the opinion.

*P. M. French* for appellant.    The trust contained in the assignment is void on its face as to creditors, and it necessarily follows that the trustee had no right to sell and the purchaser Fahy received no title as against the plaintiff, who is a creditor.    (1 R. S. 727, §§ 49, 55, 60, 65; *McPherson* v. *Rollins,* 107 N. Y. 322; *Kirsch* v. *Tozier,* 143 N. Y. 396; *Fellows* v. *Longyer,* 91 N. Y. 326–330; *Budd* v. *Monroe,* 18 Hun, 317; *Barnum* v. *Hempstead,* 7 Paige, 568; *Board-man* v. *Haliday,* 10 Paige, 223; *Hyslop* v. *Clarke,* 14 Johns. 458; *Wakeman* v. *Grover,* 4 Paige, 22; 11 Wend. 225; *Goodrich* v. *Downs,* 6 Hill, 441; *Curtiss* v. *Leavitt,* 15 N. Y. 96; *Booss* v. *Marion,* 129 N. Y. 541.)    The conclusion of law that the defendant Fahy purchased the lands described in the complaint in good faith and for a valuable consideration and has good title thereto as against the plaintiff is erroneous. (2 R. S. 137, § 1; 4 R. S. [8th ed.] 2592; *Booss* v. *Marion,* 129 N. Y. 541; *Hulbert* v. *Davies,* 2 Keyes, 97; *Stearns* v. *Gage,* 79 N. Y. 102; *Parker* v. *Conner,* 93 N. Y. 118; *Bush* v. *Roberts,* 111 N. Y. 278; *Farley* v. *Carpenter,* 27 Hun, 359; Gerard's Titles to Real Estate [3d ed.], 657; *Read* v. *Gannon,* 50 N. Y. 345; *Johnson* v. *Thwedtt,* 18 Ala. 741; *Ward* v. *Trotter,* 3 B. Monr. 4, 5; *Palmer* v. *Giles,* 5 Jones Eq. 78; *Johnston* v. *Harvey,* 2 P. & W. 92; *Zerbe* v. *Miller,* 16 Penn. St. 498; *Arper* v. *Baze,* 9 Minn. 98; *D. M. Co.* v. *Laird,* 17 S. W. Rep. 188; 13 Eliz. chap. 5; *Twynes' Case,* 3 Coke, 80; 1 Smith L. C. 1; *Cardogan* v. *Kennett,* 2 Cowp. 434; *Hamilton* v. *Russell,* 1 Cranch, 316; *Meeker* v. *Wilson,* 1 Gall. 419; 1 Black. Com. 88; *Bank of U. S.* v. *Lee,* 13 Pet. 118; 75 Ala. 386; 76 Ala. 120; 78 Ala. 176; *Wilhoyte* v. *Udell,* 9 South. Rep. 550; *Zeigler* v. *Carter,* 10 South. Rep. 260; *Smith* v. *Collins,* 10 South. Rep. 334; Ark. Dig. §§ 3374, 3375; 31 Ark. 251; *Singer* v. *Jacobs,* 11 Fed. Rep. 559; *Dyer* v. *Taylor,* 7 S. W. Rep. 258; *A. G. Commission Co.* v. *Pearson,* 55 Ark. 759; *Tompkins* v.

*Sprout*, 55 Cal. 31–37; *Benton* v. *Jones*, 8 Conn. 189;
*Knower* v. *C. C. Co.*, 57 Conn. 202; *Partello* v. *Harris*, 26
Conn. 480; *Shauer* v. *Alterton*, 151 U. S. 608; *Livingston*
v. *Wright*, 88 Ga. 33; *Hanchett* v. *Kimbark*, 118 Ill. 121;
*Boies* v. *Henney*, 32 Ill. 130; *R. & R. Co.* v. *Smith*, 43 Ill.
App. 400; *Kellogg* v. *Ahern*, 48 Iowa, 300; *Dunn* v. *Wolf*, 47
N. W. Rep. 887; *Meibergen* v. *Smith*, 25 Pac. Rep. 881;
*Walker* v. *Collins*, 50 Fed. Rep. 738–743; *Gallober* v.
*Martin*, 33 Kans. 255; *Wafe* v. *Baule*, 46 Kans. 597;
*Wood* v. *Elliott*, 7 S. W. Rep. 624; *Grover* v. *Grover*, 3
Md. Ch. 35; *Biddinger* v. *Wiland*, 10 Atl. Rep. 203;
*Abrams* v. *Sheehan*, 40 Md. 447; *Foster* v. *Hall*, 12 Pick. 99;
*Green* v. *Tanner*, 8 Metc. 411; *Sleeper* v. *Chapman*, 121
Mass. 408; *Carroll* v. *Hayward*, 124 Mass. 120; *Morris* v.
*Aldridge*, 130 Mass. 578; *Mansfield* v. *Dyer*, 131 Mass. 200;
*Hough* v. *Dickinson*, 58 Mich. 94; *Allen* v. *Stingel*, 54 N.
W. Rep. 800; *Pierson* v. *Shifer*, 52 Mo. App. 273; *Kitchen*
v. *R. R. Co.*, 69 Mo. 265; *Leavitt* v. *La Force*, 71 Mo. 356;
*Roan* v. *Winn*, 4 S. W. Rep. 736; *Bollman* v. *Lucas*, 36 N.
W. Rep. 473; *Temple* v. *Smith*, 13 Neb. 513; *Banks* v. *O. B.
W. Co.*, 46 N. W. Rep. 251; *Everett* v. *Reed*, 3 N. H. 55;
*Robinson* v. *Holt*, 39 N. H. 557; *Seavy* v. *Dearborn*, 19 N.
H. 360; *Atwood* v. *Impson*, 20 N. J. Eq. 150; *Moore* v.
*Williamson*, 15 Atl. Rep. 587; *Tatum* v. *Green*, 21 N. J.
Eq. 364; *Holladay Case*, 27 Fed. Rep. 830; *Aultman* v.
*Utsey*, 34 S. C. 559; *Dodd* v. *Gaines*, 82 Tex. 429; *Blum*
v. *Simpson*, 66 Tex. 86; *Traylor* v. *Townsend*, 61 Tex. 146;
*Freiberg* v. *Freiberg*, 74 Tex. 126; *Wells* v. *McMahon*, 18
Pac. Rep. 74; *Hopkins* v. *Langton*, 30 Wis. 379; *Avery* v.
*Johan*, 27 Wis. 246; *Bartles* v. *Gibson*, 17 Fed. Rep. 293;
*Hooser* v. *Hunt*, 65 Wis. 72; *Rindskopf* v. *Myers*, 87 Wis.
80; *Baker* v. *Bliss*, 39 N. Y. 70–73; *Williamson* v. *Brown*,
15 N. Y. 362; *Stearns* v. *Gage*, 79 N. Y. 102; Wait on
Fraud. Conv. 491–505; *Bush* v. *Roberts*, 111 N. Y. 288;
*Jacobs* v. *Morrison*, 136 N. Y. 105; *Dung* v. *Parker*, 52 N.
Y. 494; *Baltzen* v. *Nicolay*, 53 N. Y. 467.) The plaintiff
is a party aggrieved by the fraudulent assignment in question,

and, therefore, can maintain this action. The referee so found although he finds that he has no cause of action against the defendant Fahy. (*R. W. Co.* v. *Fielding,* 101 N. Y. 504; *Crook* v. *Rindskopf,* 105 N. Y. 488.)

*Edward F. Wellington* for respondents. The plaintiff insists that this assignment was void upon its face. Therefore, that Kinney took no title and could convey none to Fahy. This is untenable. (*Crook* v. *Rindskopf,* 105 N. Y. 482; *Turner* v. *Jaycox,* 40 N. Y. 475; *R. W. Co.* v. *Fielding,* 101 N. Y. 510; *Dimond* v. *Hazard,* 32 N. Y. 65; 2 R. S. chap. 7, tit. 3, § 1; *N. B. & D. Bank* v. *Hubbell,* 117 N. Y. 397; *Knower* v. *C. N. Bank,* 124 N. Y. 552; *Murphy* v. *Briggs,* 89 N. Y. 446.) Fahy purchased for a valuable consideration, and his title can only be impeached by proof that he had actual notice of the fraud rendering void the title of his grantor. Actual notice means actual knowledge. (2 R. S. chap. 7, tit. 3, § 5; *Starin* v. *Kelly,* 88 N. Y. 421; *Zoeller* v. *Riley,* 100 N. Y. 108; *Stearns* v. *Gage,* 79 N. Y. 102; *Parker* v. *Connor,* 93 N. Y. 125; *Bush* v. *Roberts,* 111 N. Y. 282; *Dudley* v. *Danforth,* 61 N. Y. 623; *Farley* v. *Carpenter,* 27 Hun, 360; *Jacobs* v. *Morrison,* 136 N. Y. 105; *Dorr* v. *Beck,* 76 Hun, 540; *Manning* v. *Beck,* 129 N. Y. 1; *Murphy* v. *Briggs,* 89 N. Y. 446, 553.) If Fahy had purchased with full knowledge of the objectionable clause in the assignment and of the fact that there were personal debts of the assignors, and had understood the legal effect of such a situation, his title would still be good. (*Ames* v. *Blunt,* 5 Paige, 13; *N. B. & D. Bank* v. *Hubbell,* 117 N. Y. 397; *Knower* v. *C. N. Bank,* 124 N. Y. 552.)

BARTLETT, J. The plaintiff in this action seeks to set aside as fraudulent the general assignment made by the defendants Marion & Co. to defendant Kinney for the benefit of their creditors, together with certain conveyances of real estate made by the assignee to the defendant Patrick Fahy, the latter having bid in the property at public sale.

The referee has found, as conclusions of law, that the assignment is fraudulent and void on its face as against the plaintiff; that defendant Fahy purchased the land described in the complaint in good faith, and for a valuable consideration, and has good title thereto as against the plaintiff, and the complaint as to him should be dismissed.

The general assignment was executed January 31st, 1887, and was declared by this court, at the January term, 1892, fraudulent and void upon its face as to the plaintiffs then attacking it on the ground that it devoted a part of the partnership property to the payment of individual debts. (*Booss* v. *Marion*, 129 N. Y. 536.)

About four months after this court handed down its decision this action was commenced.

The referee finds that the plaintiff in this action in July, 1889, signed a request to the assignee to appeal from the judgment of the Supreme Court in the *Booss* action, with knowledge of the facts constituting the fraud for which the assignment was set aside, but held it did not constitute an estoppel or election of remedies so as to preclude him from maintaining this action.

As the assignee has not appealed and the defendant Fahy is responding to the plaintiff's appeal we do not deem it necessary to pass upon this question, as we have reached the conclusion that so much of the judgment below as the plaintiff has appealed from must be affirmed.

The plaintiff urges substantially two reasons in support of his contention, that the conveyances of the real estate made by the assignee to the defendant Fahy were fraudulent and void and should be set aside. As to the first point, plaintiff argues that the general assignment being void on its face, the trustees had no right to sell and the purchaser Fahy received no title as against the plaintiff, who is a creditor.

The counsel for the plaintiff misapprehends the force and meaning of the fact that a general assignment is fraudulent and void on its face. It has been frequently held that, as between

75

the parties, a general assignment, fraudulent as to creditors, is valid, and is only voidable at the suit of a creditor who seeks to have it declared fraudulent and void as to him. (*Knower* v. *C. N. Bank,* 124 N. Y. 559, 560.)

The plaintiff in this action was in no way benefited by the final judgment in the *Booss* action save as it made his attack upon the assignment, if he concluded to make it, easy and effectual. It was still incumbent upon plaintiff, if he wished to obtain a lien upon the assigned property in the hands of the assignee, to recover his judgment at law, secure the return of the execution unsatisfied, and begin his action in equity to set aside the general assignment.

The lien thus secured would be enforced· when final judgment was rendered in his favor.

The present action is precisely such a one as we have described, and wholly inconsistent with plaintiff's contention that the assignment being void upon its face no title vested in the assignee. The plaintiff has recovered a judgment which declares the general assignment to be fraudulent and void on its face as to him.

A general assignee is competent to deal with the assets of the estate under an assignment fraudulent and void upon its face ; and if he pays money to *bona fide* creditors of the assignor he will be protected, provided he does it in good faith and before any other creditor has obtained a lien upon the money. (*Nat. B. & D. Bank* v. *Hubbell,* 117 N. Y. 397.)

This is for the reason that he is only doing what the assignor might have done had no assignment been executed ; in other words, the assignment is valid as between the parties.

It, therefore, follows in the case at bar that the sale of the real estate to defendant Fahy by the general assignee must stand as to plaintiff unless he can show that Fahy was not a purchaser for a valuable consideration without notice.

As to his second point plaintiff insists that he is hindered, delayed and defrauded by the general assignment within the meaning of the statute concerning fraudulent conveyances

(2 R. S. 137, § 1), and that defendant Fahy is a purchaser of the real estate with previous notice of the frandulent intent of the assignor and of the fraud rendering void the title of the assignee. (2 R. S. 137, § 5.)

The section last cited reads as follows, viz. :

" § 5. The provisions of this chapter shall not be construed, in any manner, to affect or impair the title of a purchaser for a valuable consideration, unless it shall appear that such purchaser had previous notice of the fraudulent intent of his immediate grantor, or of the fraud rendering void the title of such grantor."

In order to establish that defendant Fahy is not within the protection of this section the plaintiff points out the fact that the deed from the assignee to Fahy refers to the general assignment, and by its terms Fahy assumed and agreed to pay as part of the purchase price an individual debt of the defendant James Marion, to wit, a bond and mortgage given by him to the Rochester Savings Bank in 1883 for five thousand dollars.

The plaintiff argues from these facts that as the assignment was fraudulent and void upon its face, the defendant was put upon his notice, and that all the facts to advise him of the fraud were contained in the assignment.

The undisputed facts and the findings of the referee show that the public sale of the real estate took place on the 9th day of March, 1887, and that later in the day after Fahy had made his purchase and paid therefor, but before he received the deed, he was informed that the *Booss* action had been commenced to set aside the assignment on the ground that it was fraudulent and void as to the plaintiffs in that action.

The referee finds that at the time of the purchase by Fahy and of the payment of the purchase money by him, he had no actual knowledge of any fact relating to any fraud in the assignment or of any fraudulent intent on the part of the assignors, and that he did not obtain actual knowledge of any such fact or intent until after he received the deed from the assignee.

It is also found that a fair price was paid for the property.

It was admitted upon the trial that prior to the sale of the real estate Fahy had not read or examined the assignment or schedules of Marion & Co.

These facts and findings would seem to place the defendant Fahy within the protection of the statute, as he paid a valuable consideration and had no actual notice of the fraudulent intent.

To meet this situation the plaintiff insists that as Fahy purchased at a general assignee's sale he is subject to the rule of constructive notice to the effect that if the purchaser has not actual notice of the fraudulent intent with which the land has been conveyed to his vendor, yet, if the circumstances were such as would have put a prudent man upon his inquiry which, if prosecuted diligently, would have disclosed the fraud, he cannot be deemed a *bona fide* purchaser in good faith.

This court has held (*Parker* v. *Conner*, 93 N. Y. 118), in reference to a sale of personal property, that it was necessary to show actual knowledge or belief, or at least actual suspicion in the vendee that the sale was being made with intent, on the part of the vendor, to defraud his creditors.

Judge Rapallo said (page 125): "We have not been referred to any case where the doctrine of constructive notice has been applied so as to charge a purchaser of land, who has paid a valuable consideration and was, in fact, innocent of any guilty knowledge, with notice that his grantor made the conveyance with intent to defraud creditors at large, having no special lien or equity."

After distinguishing the cases of *Baker* v. *Bliss* (39 N. Y. 70) and *Reed* v. *Gannon* (50 N. Y. 345) Judge Rapallo lays down the rule that there is no duty of active vigilance cast upon the purchaser for the benefit of creditors of the vendor which should require him to suspect and investigate the motives of the vendor.

In construing the section already quoted from the statute concerning fraudulent conveyances (2 R. S. 137, § 5) this court

laid down a rule which has been repeatedly followed. (*Stearns* v. *Gage*, 79 N. Y. 107.)

Judge MILLER, after quoting the statute, says: "This plainly means that actual notice shall be given of the fraudulent intent or knowledge of circumstances which are equivalent to such notice. Circumstances to put the purchaser on inquiry where full value has been paid are not sufficient." Judge MILLER then states that a purchaser for a valuable consideration, without previous notice, is not chargeable with constructive notice of the fraudulent intent of his grantor.

This case was approved and followed by this court in a very recent case. (*Jacobs* v. *Morrison*, 136 N. Y. 105.)

We think the defendant Fahy is clearly a purchaser of the real estate in question for a valuable consideration, and without notice of the fraudulent intent of the assignors in making the general assignment.

So much of the judgment below as is appealed from by the plaintiff should be affirmed, with costs.

All concur, except HAIGHT, J., not sitting.

Judgment affirmed.