# E. L. GREENE v. W. P. ROBBINS, as Sheriff.

(150 N. W. 561.)

General assignment — benefit of creditors — sale of property by assignee — general assignment void — innocent purchaser of property from assignee — title protected — bulk sales law — presumption — rebuttable — good-faith purchase.

J. made a general assignment for the benefit of creditors to G., which assignment is concededly void upon its face. Thereafter G., as such assignee, with the knowledge, consent, and acquiescence of J., sold to plaintiff a certain stock of drugs and fixtures supposedly acquired by G. under such assignment, plaintiff, under the undisputed evidence, being an innocent purchaser thereof for value and in good faith. Two months later defendant, as sheriff, at the suit of two of J.'s creditors levied warrants of attachments upon such property, whereupon plaintiff brought this action against the sheriff to recover the possession thereof.

*Held*, that plaintiff acquired a good title to such property, not only as against J., but also as against his subsequently attaching creditors.

*Held*, further, that the so-called bulk sales law, chapter 221, Laws 1907, even if applicable, creates merely a rebuttable presumption that such sale was fraudulent and void, which presumption was effectually rebutted by the undisputed evidence that plaintiff purchased such stock in good faith and for full value.

Opinion filed December 19, 1914.

Appeal from District Court, Richlar d County; *Allen,* J.

From an order denying defendan*t*'s motion for a new trial, he appeals.

Affirmed.

*J. A. Dwyer* and *Wolfe & Schneller,* for appellant.

The assignment was void absolutely because in conflict with the bulk sales law of this state. Session Laws 1907, chap. 221.

It is void because it reserves to the debtor trusts and interests beneficial to him and detrimental to his creditors, not allowed by law. Denny v. White, 2 Coldw. 283, 88 Am. Dec. 596; Rev. Codes 1905, § 7122; Goodrich v. Downs, 6 Hill, 438; Clark v. Robbins, 8 Kan. 574; Kayser

v. Heavenrich, 5 Kan. 324; King v. Ruble, 54 Ark. 418, 16 S. W. 7; Johns v. Bolton, 12 Pa. 339.

*Forbes & Thorpe,* for respondent (*Todd & Kerr,* of counsel).

If the bulk sales law has any application here, it does not necessarily follow that this sale or assignment is wholly void. This statute provides what shall be a presumption of fraud,—a mere rule of evidence. It is rebuttable by proper proof. Thorpe v. Pennock Mercantile Co. 99 Minn. 22, 108 N. W. 940, 9 Ann. Cas. 229, and cases therein cited; General Laws 1899, chap. 291, p. 357; Fisher v. Herrmann, 118 Wis. 424, 95 N. W. 392; Hart v. Roney, 93 Md. 432, 49 Atl. 661; Gilbert v. Gonyea, 103 Minn. 459, 115 N. W. 640.

Respondent is entitled to the property even if the assignment is void, because, if void, a sale by the assignee would be in effect a valid sale. Greene was an innocent purchaser for value. 3 Am. & Eng. Enc. Law, 2d ed. 146, 147; Lamb v. Goodwin, 32 N. C. (10 Ired. L.) 320; The Governor v. Freeman, 15 N. C. (4 Dev. L.) 472; West v. Tilghman, 31 N. C. (9 Ired. L.) 165; Bird v. Benton, 13 N. C. (2 Dev. L.) 179; Pine v. Ricket, 21 Barb. 469; Wilson v. Grigsby, — S. D. —, 147 N. W. 992.

Fisk, J. Plaintiff, claiming to be the owner and entitled to the possession of that certain personal property described in the complaint, brought this action in the court below to recover the possession thereof from the defendant, as sheriff of Richland county, who claims the right to the possession of such personal property under certain levies made thereon pursuant to warrants of attachments issued out of the district court of such county, against the property of one A. B. Jacobson, in actions pending wherein he was defendant and William Crawe and the Wipperman Mercantile Company respectively were plaintiffs.

Plaintiff deraigns title to the property from the said Jacobson through a deed of assignment for the benefit of creditors, made by Jacobson to one J. P. Galbraith, and a bill of sale by the latter to plaintiff. It was stipulated as a fact that when such warrants of attachment were issued and levied a valid indebtedness existed in each action, owing by Jacobson to each of such plaintiffs, and that the procedure followed in the issuance of such warrants of attachment was in all respects legal. At the time of the trial of the case at bar the two attachment suits were

pending and undetermined, the defendant Jacobson having appeared in both actions.

At the trial of the case at bar a jury was expressly waived, and the cause tried to the court. Findings and conclusions were made, and judgment rendered in plaintiff's favor. Thereafter a motion was made to vacate the judgment and for a new trial, which motion was denied, and the appeal is from the order denying such motion. A statement of case was settled, containing all of the evidence and twelve specifications of error.

The alleged errors relied upon by appellant's counsel consist of certain rulings in the admission of evidence over defendant's objections, and in making the order denying the motion for a new trial.

Among other evidence introduced over defendant's objections are three exhibits. One is exhibit "E," the so-called trust deed from Jacobson to Galbraith; one a copy of the purported inventory of Jacobson's property, and the other a bill of sale from Galbraith to the plaintiff. Considerable space is devoted in appellant's brief to the question whether exhibit "E" was void or merely voidable, the contention of the appellant being that such instrument was void for two reasons: First, that such trust agreement was contrary to the "bulk sales law" found in chapter 221, Session Laws 1907, and, second, because the same was in fraud of creditors, and especially as to the plaintiffs in the attachment suits, and that therefore its introduction in evidence, as well as the introduction of the other two exhibits, constituted prejudicial error.

On the contrary, respondent contends that such trust agreement is not void upon its face on either of the grounds urged; but respondent's counsel further contend that even if the same is held to be void upon its face, still, the sale of the property by Galbraith, as assignee to the plaintiff, would be considered a sale by Jacobson himself, and that neither Crawe nor the Wipperman Mercantile Company are in a position to question plaintiff's title, they being estopped by their conduct from so doing.

It is unnecessary for us to determine the validity of such trust agreement, for at the oral argument in this court it was expressly conceded by respondent's counsel that such instrument was and is void upon its face. In this connection see the decision of this court in the

recent case of Maclaren v. Kramar, 26 N. D. 244, 50 L.R.A.(N.S.) 714, 144 N. W. 85.

In the light of such concession it remains for us to consider only the legal effect thereof upon the respective rights of these parties to the property in controversy.

The record discloses that plaintiff made such purchase for a valuable consideration, and parted with the purchase price in good faith, and therefore he is entitled to be protected, except as against persons possessing superior rights. The record discloses that Jacobson knew and consented to the negotiations between Galbraith and plaintiff respecting such sale and purchase. Therefore we think it clear that as to Jacobson the sale cannot be questioned, as it in law amounted to a sale by him. Moreover, there are numerous respectable authorities to the effect that, even though the assignment was void upon its face, it was valid as between the assignor and assignee, the parties to the instrument, and an innocent purchaser from such assignee will be protected in his purchase. Wilson v. Marion, 147 N. Y. 589, 42 N. E. 190, and cases cited; Sheldon v. Stryker, 42 Barb. 284; 4 Cyc. 211, and authorities therein cited; 3 Am. & Eng. Enc. Law, 2d ed. 147.

At page 146 of the latter work a correct rule is, we think, stated as follows: "Notwithstanding the invalidity of the assignment as it respects the assignor's creditors, a sale made by the assignee, before the creditors have acquired a specific lien upon the goods, to an innocent purchaser, for a valuable consideration, will be sustained, as in such a case the sale will be considered as effected under the authority of the original proprietor, who has still the right to sell the property."

Applying such rule to the facts of this case, we are unable to uphold the appellant's contention. The sale by the assignee to this plaintiff was consummated two months prior to the commencement of the attachment suits, and in order to successfully challenge the validity of such sale it was incumbent upon these attaching creditors to show facts impeaching the plaintiff's bona fides in purchasing such stock. It is not contended that they have done this, and plaintiff's testimony that he is an innocent purchaser is wholly undisputed. But it is asserted by appellant's counsel that such sale was void under the provisions of the so-called "bulk sales law," chapter 221, Laws 1907. This law

provides: "A sale of any portion of a stock of merchandise otherwise than in the ordinary course of trade in the regular and usual prosecution of the seller's business, or a sale of an entire stock of merchandise in gross, will be presumed to be fraudulent and void as against the creditors of the seller."

It is doubtful whether the sale by Galbraith, as assignee, to this plaintiff, falls within the condemnation of such statute which seems to be aimed at sales by merchants as such. Of course, Galbraith, as such assignee for the benefit of creditors, did not occupy the position of a merchant having a stock of merchandise which he had been engaged in selling in the usual mode, and it would appear from the statute that it was aimed only at such a person. We merely suggest the above, without deciding the point, for it is clear that even if such statute applies, it does not nullify the sale to this plaintiff. The presumption created by such statute is a rebuttable presumption, and we think the plaintiff has overcome such presumption by his undisputed proof to the effect that he purchased the property in good faith and for full value.

That the presumption mentioned in such statute is not a conclusive presumption is well settled. Fisher v. Herrmann, 118 Wis. 428, 95 N. W. 392; Thorpe v. Pennock Mercantile Co. 99 Minn. 26, 108 N. W. 940, 9 Ann. Cas. 229; Gilbert v. Gonyea, 103 Minn. 459, 115 N. W. 640; Williams v. Fourth Nat. Bank, 15 Okla. 477, 2 L.R.A. (N.S.) 334, 82 Pac. 496, 6 Ann. Cas. 970. Followed in Ellet-Kendall Shoe Co. v. Ross, 28 Okla. 697, 115 Pac. 892; Hart v. Roney, 93 Md. 432, 49 Atl. 661; Sprintz v. Saxton, 126 App. Div. 421, 110 N. Y Supp. 586; Baumeister v. Fink, 141 Ill. App. 372.

In Thorpe v. Pennock Mercantile Co. 99 Minn. 26, 108 N. W. 940, 9 Ann. Cas. 229, Judge Elliott, in speaking for the Minnesota court, said: "It is fair to assume that, if the legislature had intended that the failure to observe the requirements of the statute should render the transfer absolutely void, it would have done as the legislatures of other states have done,—said so, in clear and unmistakable language. The terms of the statute are in their nature strict and severe, when applied to ordinary business transactions, and they should not be held to imply conclusively that such transactions are in bad faith when the parties are in fact actuated by proper and honest motives."

We are not unmindful of the fact that a few courts have held to the contrary under a statute similar to our own, but we are convinced that the weight of authority, as well as reason, supports the view announced in the cases above cited.

The conclusion above reached renders a consideration of appellant's numerous specifications challenging the rulings of the trial court in the admission of certain testimony, unnecessary. Such rulings were, in any event, nonprejudicial.

The order appealed from is accordingly affirmed.