WEIR PLOW CO. V. ARMENTROUT, FRASER & CHEW.

No. 1443.

**1. Chattel Mortgage—Conversion—Parties.**—A mortgagor of chattels which have not yet gone into the possession of the trustee in the mortgage may sue in reconvention for their conversion under an attachment wrongfully levied thereon.

**2. Attachment—Partnership—Fraudulent Disposition by One Partner Only.**— A fraudulent disposition of his interest by a member of a firm will not constitute a fraudulent transfer of its property by the firm justifying an attachment against the firm.

**3. Same—Damages.**—In an action against a firm by attachment, with seizure and conversion of its property thereunder, on the ground that it had fraudulently disposed of its property, and in which it appeared that only a part of the members of the firm had disposed of their interests, defendants (the firm) are entitled to judgment on a plea in reconvention for damages, for the excess in the value of the property converted by attachment over and above the amount of plaintiff's debt, because of the wrongful manner of suing out the attachment, even though it would have been justified against some of the members of the firm.

**4. Same—Description of Goods Seized—Exhibit.**—In a plea of reconvention, the goods seized under the attachment were described by reference to the inventory made by the sheriff when he levied the attachment, and which inventory was prayed to be taken as a part of such plea. *Held,* that in the absence of specific exceptions to that manner of making the inventory an exhibit, it would be treated as part of such plea. Following Schneider v. Ferguson, 77 Texas, 572.

**5. Practice on Appeal—Retaxing Costs.**—In order for the appellate court to review the action of the court below on a motion to retax costs, the evidence relating thereto upon which the trial court acted must be shown in the record by bill of exceptions or otherwise.

**6. Same—Assignment of Error.**—An assignment calling in question the admission of certain evidence, not accompanied with either proposition or statement thereunder from the record, will not be considered.

**7. Same.**—Error in the amount of the verdict, because the value of certain items may have been improperly included, will not afford ground for a rehearing where this matter was not called to the attention of the trial court in the motion for a new trial, and there is no assignment of error presenting it, and it is not claimed that the verdict exceeds the amount of damage alleged in the petition.

APPEAL from Wilbarger.   Tried below before J. E. LUCKY, Esq., Special Judge.

*U. F. Short, H. C. Thompson,* and *C. C. Forry,* for appellant.—1. If two members of a firm of three dispose of the firm property in whole to pay their individual debts, this would be such a fraudulent disposition of the firm property in whole as would justify an attachment on the part of firm creditors under article 152, clause 9, Revised Statutes. Rogers v. Batchelor, 12 Pet., 221; 1 Wade on Attach., sec. 92; McCutcheon v. Davis, 8 S. W. Rep., 123; Pearre v. Hawkins, 62 Texas, 437.

2.   Where two members part with their right, title, interest, and possession in a stock of merchandise belonging to a partnership of which there are three members, they ought not to recover damages for the conversion of their two-thirds interest.   Still v. Focke & Wilkins, 66 Texas, 715; Roland v. Murphy, 66 Texas, 534; Kirbs v. Provine, 78 Texas, 353; Tynberg v. Cohen, 67 Texas, 220; Barker v. Abbot, 21 S. W. Rep., 72; Roby v. Meyer, 84 Texas, 386; Sanger v. Henderson, 21 S. W. Rep., 114; Epstein v. Meyer Bros. Drug Co., 18 S. W. Rep., 592; Jacobs v. Tatty, 13 S. W. Rep., 372.

3.   Where damages are claimed for the conversion of personal property, same should be itemized, and the value of each article set out for which damages are claimed, if demanded by the party being sued, by special exception.   Wood v. Hollander, 84 Texas, 394; 19 S. W. Rep., 551; District Court Rule 19; Burke v. Watson, 48 Texas, 107; Miles v. Mays, 16 S. W. Rep., 540; Pool v. Sanford, 52 Texas, 621; MacDonnell v. Railway, 60 Texas, 590.

4.   Where a motion is made to retax illegal costs, and same is brought to the attention of the court before the case is finally disposed of, and the costs are found to be unwarranted under the law, the motion should be granted and such costs stricken out.  Allen v. Woodson, 60 Texas, 651.

5.   Where members of a firm part with their interest, title, and possession in a stock of merchandise, they ought not to recover damages for the subsequent conversion of the interest which they formerly held and have conveyed to another person—the trustee.   Roby v. Meyer, 84 Texas, 386; Kirbs v. Provine, 78 Texas, 353; Tynberg v. Cohen, 67 Texas, 220; Barker v. Abbot, 21 S. W. Rep., 72; Roland v. Murphy, 66 Texas, 534; Sanger v. Henderson, 21 S. W. Rep., 114.

*Humphreys & McLean* and *Stephens & Huff,* for appellees.—1. Armentrout & Fraser, on December 18, 1889, undertook simply by a chattel mortgage on certain property therein described to secure certain of their indebtedness.   The fact that Chew owned an interest in a portion of the mortgaged property does not alter the legal effect of the transaction so far as the issues in this case are concerned.   Jones Chat. Mort., sec. 45; Bates on Part., sec. 1117.

2.   Armentrout & Fraser in executing the chattel mortgage did not dispose of their property in contemplation of article 152, Revised Stat-

utes, clause 9.   Wright v. Henderson, 12 Texas, 43; Bates on Part., sec. 1117.

3.   Appellees, by reference in their answer to the inventory contained in the sheriff's return, and adopting the same as a description and specification of the property taken and converted, gave as full a description of the same as was necessary or practicable, and appellant's special exception did not call for or require appellees to affix a value to each article of goods.

HEAD, ASSOCIATE JUSTICE.—A. Armentrout and A. B. Fraser composed the firm of Armentrout & Fraser, doing business in the city of Fort Worth, and A. Armentrout, A. B. Fraser, and W. A. Chew composed the firm of Armentrout, Fraser & Chew, doing business in the city of Vernon.

On the 18th day of December, 1889, Armentrout & Fraser executed the following instrument, which was duly acknowledged and recorded, both in Tarrant and Wilbarger Counties:

"STATE OF TEXAS, }
"County of Tarrant. }

"Know all men by these presents, that we, A. Armentrout and A. B. Fraser, of said county and State, composing the firm of Armentrout & Fraser, of the city of Fort Worth, in said county and State, dealers in agricultural implements, wagons, etc., for and inconsideration of the sum of one dollar, to us in hand paid by Stewart Harrison, of said county and State, have granted, bargained, sold, and delivered, and do by these presents grant, bargain, sell, convey, and deliver, unto the said Stewart Harrison, the following described property, interest, and choses in action, viz:

"First.   All the stock of agricultural implements, wagons, buggies, hacks, plows, cultivators, and other property belonging to the said firm of Armentrout & Fraser, and now situated and being in said county and State, in, at, and around the late place of business of said firm, on the corner of Weatherford and Throckmorton streets, in the said city of Fort Worth, and in, at, and around our warehouse on East Weatherford street, in said city, just east of J. T. Burk's cornice works, it being intended to include herein all and singular the stock in trade of said firm, and also all personal property belonging to same, situated in said city of Fort Worth.

"Second.   All the notes and accounts due, owing, or belonging to said firm, which we have this day delivered to said Harrison, a schedule and description of which is to be made out by said Harrison as soon as he reasonably can, and filed in the county clerk's office, and noted on the register hereof.

"Third.   The undivided interest of both and each of the members of said firm of Armentrout & Fraser in and to the property and assets of the firm of Armentrout, Fraser & Chew, a copartnership firm com-

posed of the said A. Armentrout, A. B. Fraser, and W. A. Chew, said firm now doing business in the town of Vernon, Wilbarger County, Texas.

"To have and to hold the herein described property, interest, and choses in action unto the said Stewart Harrison, his heirs and assigns, forever. And we do hereby bind ourselves, and the said firm of Armentrout & Fraser, to warrant and defend the title to said property, interest, and choses in action, against the claim of any and every person lawfully claiming the same or any part thereof.

"This conveyance is intended, however, as a trust for the better securing of two certain promissory notes, made, executed, and delivered by the said firm of Armentrout & Fraser, one dated December 18, 1889, for the sum of $2950, due one day after date, payable to the order of Max Elser, cashier of the City National Bank of Fort Worth, Texas, at said bank, bearing interest at the rate of 12 per cent per annum from maturity, with a provision therein, that if the same shall be placed in the hands of an attorney, or collected by law, then 10 per cent in addition thereto shall be paid as attorney's fees; and the other dated June 20, 1889, for the sum of $1200, due one year after date, payable to the order of Zane Cetti, and bearing interest at the rate of 12 per cent per annum from date, and providing for 10 per cent additional for attorney's fees, if collected by law, negotiable and payable at the First National Bank of Fort Worth, Texas.

"Now, upon the payment of the said promissory notes, with the accrued interest thereon, according to the tenor and effect thereof, being well and truly made at the maturity thereof, then and in that event this conveyance is to become null and void, and the said Harrison shall thereupon redeliver to the said firm all of the said property and choses in action of which he has taken possession as trustee.

"But in case of the failure or default upon our part to pay off and discharge the said promissory notes, or either of them, and interest, or any part thereof, at the maturity of the same, then and in that event both of said notes shall thereby and thereupon become due, and the said Harrison, as trustee, is hereby authorized and empowered, and it is made his duty, at the request of the holder of said notes, to proceed to sell the said personal property, choses in action, notes, accounts, and interests herein conveyed, for cash in hand, either at private or at public sale, in bulk or in parcels, as he may deem best and most expedient, and to make due conveyance and delivery thereof to the purchasers or purchaser, and to apply the proceeds arising from such sale, first, to the payment of all the expenses incident to and incurred in the execution of this trust; second, to the payment and satisfaction of said first named note, with all interest and attorney's fees thereon, if any has accrued; and the remainder, if any, of the proceeds of said property, notes, and accounts shall be paid to the said firm of Armentrout & Fraser, and the remainder, if any, of the proceeds of said interests in said firm of Armentrout, Fraser & Chew shall be paid

to said A. Armentrout and A. B. Fraser, as they may appear entitled thereto. ·

"And should the said Harrison fail or refuse, or become disqualified from acting as such trustee hereunder, the said City National Bank, or its legal representative, shall have full power to appoint a substitute, in writing, who shall have the same powers which are hereby delegated to the said Harrison; and we do hereby absolutely ratify and confirm any and all acts which the said Harrison or his substitute may do in the premises, by virtue hereof.

"Witness our hands, this 18th day of December, 1889.

"ARMENTROUT & FRASER,

"A. ARMENTROUT,

"A. B. FRASER."

A few days after the execution of this mortgage, appellant sued out a writ of attachment against the firm of Armentrout, Fraser & Chew, and had the same levied upon their stock of goods in the city of Vernon. At that time, the trustee named in the mortgage had not attempted to take possession of the interest of Armentrout & Fraser in this stock. The goods were sold under this attachment, and the proceeds paid into court. .

Appellees reconvened for damages for the wrongful suing out of this attachment, and were given judgment for the value of the goods, from which was deducted the amount of their indebtedness to appellant.

The attachment was sued out upon the ground that appellees "have disposed of their property in whole, with intent to defraud their creditors." Appellant sought to sustain this allegation by proving the execution of the mortgage aforesaid, no other fraudulent disposition of any property of the firm being attempted to be shown.

*Opinion.*—As the instrument copied in our conclusions of fact was only a mortgage, the court below did not err in holding that appellees could maintain a suit for the conversion of the mortgaged property. 1 Sedg. on Dam., sec. 81. The trustee in the mortgage had not taken possession of the mortgaged goods, nor was it attempted to be shown that any part of this property had been applied to the mortgaged debt, and that thereby appellees had not been damaged to the extent of its full value. The case of Roby v. Meyer, 84 Texas, 386, which holds that the assignee in a deed of assignment is the proper person to maintain an action for the conversion of the assigned goods, does not apply to such a case.

Neither did the court err in sustaining the exceptions to appellant's answer, in which it sought to justify the attachment upon the ground of the validity of this mortgage, as creating a lien upon the interest of Armentrout & Fraser in the goods of Armentrout, Fraser & Chew. If this mortgage was such an one as these parties had a right to make, and therefore created a valid lien upon their interest in the firm prop-

erty, it could not be a fraudulent disposition, within the meaning of our attachment statute; and appellant's exceptions were all based upon the ground of its validity.

Again, if this mortgage was invalid, or even fraudulent, it would not constitute a defense in this case, because the attachment was sued out against Armentrout, Fraser & Chew, and was executed by taking actual possession of their property    There was no pretense that Chew was guilty of any fraud, and it was not sought to justify the attachment as against him.    If appellant desired to sue out an attachment against Armentrout & Fraser on account of their fraud, it had a right to do so; but in such case, the levy upon their interest in the property of Armentrout, Fraser & Chew should have been made by giving notice to Chew, in compliance with article 2295 of our Revised Statutes, instead of by taking actual possession.

It will be noted, that the mortgage in question is distinctly restricted to the individual interests of Armentrout and Fraser in these goods, and does not purport to be the act of Armentrout, Fraser & Chew, so as to raise the question of the liability of a partnership to attachment for the act of one of its members in making a fraudulent transfer of its property.

In this case, appellees were only given judgment for the difference between the value of the goods and the amount of appellant's debt, and this we think they were entitled to recover, by reason of the illegal manner in which the attachment was sued out and levied, even though it were justified against some of the members of the firm.

If appellant desired to raise the question as to whether or not Chew should be restricted to this individual damage, upon the ground that there were no partnership debts to be paid out of the recovery, and that Armentrout and Fraser should not be benefited as individuals, if they were guilty of fraud, it should have presented the issue in proper pleading.    We fail to find in the pleading in this case any charge of fraud in the execution of this mortgage, or any data upon which to restrict a recovery to the individual damage of Chew, appellant's defense, as developed by its pleading, seemingly being based upon the idea that the trustee alone could maintain the suit as to Armentrout & Fraser's interest, which we have held untenable.

We think the court did not commit reversible error in overruling appellant's exception to appellees' answer, for want of a sufficient description of the goods for the illegal levy upon which they sought a recovery.

It will be borne in mind that this was a plea in reconvention in the suit in which the attachment was sued out.

The description referred to is as follows:    "Said agent, A. W. Bell, caused the sheriff of this county, J. T. Conn, to levy said writ of attachment on plaintiffs' stock of goods, which stock of goods were then and there worth the sum of $3500, the same being the market value thereof at said time and place, but the said sheriff, J. T. Conn, in his

inventory now attached to the said writ and on file in this cause inventoried said goods at the sum of $2787, which was and is far less than said goods were then and there worth in the Vernon market, as aforesaid. Said affidavit, bond, writ of attachment, levy and return, and inventory of said goods, etc., are all on file among the papers in this case, and are here referred to for a more definite description thereof, and made a part of this plea in reconvention."

The exception which was overruled was as follows: "Plaintiff excepts to said amended answer, because no itemized list, or other sufficient description, of the goods charged to have been seized by plaintiff's order is set out in or attached to said answer, nor does said answer contain sufficient averments to enable plaintiff to determine what goods it is charged with causing to be seized under attachment."

It will be noted, that this exception does not complain of the manner in which the sheriff's inventory was made an exhibit to the answer, nor does it specifically object to the failure to affix a separate value to each item of the goods, the only objection being to the failure to sufficiently identify the goods themselves which were taken under the writ.

If the sheriff's inventory sought to be made a part of this answer is to be treated as an exhibit thereto, we think there can be no serious question as to the sufficiency of the description of the goods contained therein. We have been pointed to no defect in this inventory, and we have failed to discover any substantial one. At any rate, the sheriff was acting at the instance of appellant in levying this attachment, and it was his duty to make a properly itemized list of the goods taken by him, and it was appellant's duty to see that this was done; and if there was a failure in this respect, it ill becomes it to complain thereof.

We have concluded, that in the absence of a special exception calling in question the manner of making this inventory or exhibit it should be treated as a part of the answer (Peveler v. Peveler, 54 Texas, 53); and that, when so treated, the description of the property must be held to be sufficient, within the requirements of the decision of our Supreme Court in Schneider v. Ferguson, 77 Texas, 572.

The record does not furnish sufficient data to authorize us to review the action of the court below in overruling, at a former term, appellant's motion to retax the costs attending the execution of the writ of attachment. In order to enable us to pass upon this motion, the evidence upon which the court acted in overruling it should be brought to our attention by bill of exceptions or otherwise. We can not, from this record, say what services were rendered by Sevier, styled in the bill of costs an auctioneer, for which the sheriff paid him the $50 complained of, and we can not therefore affirm that the court erred in allowing this item.

Appellant's seventh and eighth assignments, calling in question the admission of certain evidence given by the witness Chew, are not accompanied with either propositions or statements thereunder from the record, and will therefore not be considered.

Appellant's eleventh assignment, which complains of the action of the court in failing to charge the jury not to allow anything for the goods claimed by the Owensboro Wagon Company, can not be sustained, (1) because a failure to charge is ordinarily not reversible error, in the absence of a requested instruction upon the issue, and (2) because we think the charge given the jury upon the subject of goods held upon commission was sufficient, in view of the evidence introduced.

As we find no reversible error presented for our consideration, the judgment of the court below will be affirmed.

*Affirmed.*

Delivered December 5, 1894.

### ON MOTION FOR REHEARING.

HEAD, ASSOCIATE JUSTICE.—Appellant asks us to grant it a rehearing herein, because it is claimed that the evidence shows the jury must have taken into consideration about $800 worth of goods which were turned over to the Owensboro Wagon Company, for which no recovery could properly be had.

It may be that a careful examination of the statement of facts would show this to have been the case, and that error was therein committed to the prejudice of appellant; but we are of opinion that this question can not be considered by us, in the absence of an assignment of error properly presenting it, and also, because it was not called to the attention of the trial court in the motion for new trial. Clark & Loftus v. Pearce, 80 Texas, 146; Degener v. O'Leary, 85 Texas, 171.

It is not claimed that the verdict exceeded the amount of damage claimed in the petition, so as to make the error fundamental.

The motion for rehearing will be refused.

*Overruled.*

Delivered January 9, 1895.

Writ of error refused.