HYDE v. BLOOMINGDALE et al.

(Supreme Court, Special Term, New York County.   June, 1898.)

1. FRAUDULENT CONVEYANCES—KNOWLEDGE OF MORTGAGEE.
   A chattel mortgage fraudulent on the part of the mortgagor is fraudulent as to the mortgagee in bad faith, though he paid a valuable consideration.

2. SAME—BURDEN OF PROOF.
   The burden of proving bad faith of the mortgagee for value in procuring a mortgage fraudulent on the part of the mortgagor is on the person attempting to set aside such mortgage.

3. SAME—PROTECTION OF DEBT.
   When a vendee purchases property for the purpose solely of receiving payment of an honest debt, the fact that the vendor sold with intent to hinder his creditors does not make the sale void as to such creditor, though the vendee had knowledge of, but did not participate in, such intent.

4. SAME—PARTICIPATION OF MORTGAGEE—EVIDENCE.
   A chattel mortgage was given for a present advance, and to secure an antecedent debt, with intent on the mortgagor's part to defraud other creditors. It appeared that mortgagee knew that mortgagor was absolutely insolvent, and about to abandon his business; that the mortgaged property was worth more than double the advance and debt; that the mortgagor stated he "wanted money right away," and wanted it in cash instead of check. The mortgage was later foreclosed, and the goods bid in by the mortgagee at a sum way below the actual value, and were hurriedly removed, to prevent interception by creditors of the mortgagor. *Held* to show that the mortgagee was aware of the mortgagor's intention to defraud his creditors; and, since he aided the mortgagor to place his property beyond the reach of creditors, the mortgage was void, not only as to the amount of the advance, but also as to the antecedent debt.

5. ATTORNEY AND CLIENT—NOTICE.
   Notice to an attorney concerning the business which he is transacting for a client is notice to the client.

6. FRAUDULENT CONVEYANCE—KNOWLEDGE OF FRAUD.
   The mortgagee's notice of fraud of the mortgagor in executing the mortgage need not be established by positive proof, but may be inferred from the circumstances.

Action by James G. Hyde, as receiver, against Lyman G. Bloomingdale and others, to set aside a chattel mortgage. Judgment for plaintiff.

Samuel Untermyer and Louis Marshall, for plaintiff.
Horwitz & Hershfield, for defendants Bloomingdale.
Samuel Fleischman, for defendants Krauss.

PRYOR, J.   The plaintiff impeaches a chattel mortgage by the defendants Krauss to the defendants Bloomingdale.   The fraud of the mortgagors is flagrant; but the payment of a valuable consideration by the mortgagees is conceded.   Such payment, however, in the absence of good faith, is ineffectual to validate the mortgage.   Billings v. Russell, 101 N. Y. 226, 4 N. E. 531; Blennerhasset v. Sherman, 105 U. S. 100, 117.

Upon proof of the consideration, the burden devolves on the plaintiff to establish the evil intent of the mortgagees.   Starin v. Kelly, 88 N. Y. 418; Billings v. Russell, 101 N. Y. 226, 4 N. E. 531; Crawford v. Neal, 144 U. S. 585, 12 Sup. Ct. 759.   The decision of the case turns upon the question whether the evidence suffices to implicate

the defendants Bloomingdale in the fraud of the mortgagors.    It is the law of this state that:

"When a vendee purchases property for the purpose solely of receiving payment of an honest debt, the fact that the vendor sold with intent to hinder and delay his creditors does not make the sale void as to such creditors; and this although the vendee had knowledge of such intent.    It must be made to appear that the vendee participated in the fraudulent intent." Dudley v. Danforth, 61 N. Y. 626; Knower v. Bank, 124 N. Y. 552, 560, 27 N. E. 247; Seymour v. Wilson, 19 N. Y. 417, 421; Hine v. Bowe, 114 N. Y. 350, 354, 21 N. E. 732; Jewett v. Noteware, 30 Hun, 194; Bank v. Fitch, 48 Barb. 344.

The right of a failing debtor to give and of his creditors to receive a preference, even to the exhaustion of his entire estate, is not open to question.    Swift v. Hart, 35 Hun, 128, 130; Wait, Fraud Conv. § 390.    The property of a failing debtor is equally accessible to all his creditors; and if one, by superior diligence, obtains security or satisfaction, he does no legal wrong to others.    Archer v. O'Brien, 7 Hun, 146, 148.    By appropriation to the preferred creditor, such property is applied to the purpose to which the law devotes it,—the discharge of the debtor's obligations (Beels v. Flynn [Neb.] 44 N. W. 732); and hence no other creditor has cause of complaint.    When, however, one receives property of a debtor for a present payment, the case is different, and another principle prevails; for then such property is diverted from its legitimate destination, the assets available to creditors reduced pro tanto, and the debtor facilitated in removing them beyond the reach of process.    In reason, to invalidate the title of one who so enables a debtor to elude the claims of creditors, it should suffice that he have notice of the fraudulent intent which his act has contributed to consummate.    But, nothing less than such notice or its equivalent will vitiate a transfer for value. Wilson v. Marion, 147 N. Y. 589, 596, 42 N. E. 190; Bush v. Roberts, 111 N. Y. 278, 18 N. E. 732; Parker v. Conner, 93 N. Y. 118.    In Anderson v. Blood, 152 N. Y. 285, 293, 46 N. E. 493, the parties defrauded were beneficiaries of the estate; and it was conceded that a more vigilant precaution was due to them than to general creditors. Moreover, the remarks of Gray, J., were obiter, and are not to be accepted as a reversal of the rule so long prevalent in the jurisprudence of the state.    In the case at bar the defendants Bloomingdale received the mortgage as well for a present advance as to secure an antecedent debt; and "the same rule is applicable as to third persons purchasing for a new consideration."    Levy v. Williams, 79 Ala. 171, 176.    The specific fraud of which the defendants Krauss are convicted is that they made the mortgage with intent to sequester its proceeds from their creditors; and it is to be ascertained whether of such intent the defendants Bloomingdale had notice, or its equivalent,—that is, whether they knew or believed the mortgage was made with fraudulent intent.    Parker v. Conner, 93 N. Y. 118, 126.

It is upon the testimony of the defendant Lyman G. Bloomingdale that the plaintiff relies for proof of his participation in the guilty purpose of the mortgagors.    He repudiates, of course, any knowledge or notice of the intent of the mortgagors to appropriate the money he paid them in fraud of the rights of their creditors.    But "what favor-

able facts the party calling him obtained from such a witness may be justly regarded as wrung from a reluctant or unwilling man, while those which are unfavorable may be treated by the jury with just that degree of belief which they may think it deserved, considering their nature and the other circumstances of the case." Becker v. Koch, 104 N. Y. 394, 401, 10 N. E. 701, 703. On the examination of the defendant Lyman G. Bloomingdale, these facts were developed: That he knew the defendants Krauss were hopelessly insolvent, pressed by creditors, and about to abandon business; that "they wanted the money right away"; and that, to get hold of $6,000 at once, they offered a mortgage of all their available assets, in value more than double the sum secured. Another witness testified that, during the negotiation for the loan, Bloomingdale avowed an apprehension of impending attachments by the creditors of Krauss, and this, though questioned on the subject, he did not venture to deny. From these circumstances what inference was reasonable but that Krauss was turning his goods into money to escape the pursuit of creditors? Still more significant of such intent is the fact that Krauss refused a check, and that, to accommodate him, Bloomingdale's attorney furnished him the cash. Notice to his representative was notice to Bloomingdale. Anderson v. Blood, 152 N. Y. 285, 295, 46 N. E. 493.

It is testified that Krauss told Bloomingdale the money was wanted "to pay some confidential debts"; but he seems not to have relied upon the statement, for he swears that he had no "opinion," "belief," or "suspicion" as "to what they intended to do with the money"; and, indeed, the pretense was transparent, for the obvious and the usual way of providing for confidential debts is by an assignment with preferences. "Other circumstances in the case" (104 N. Y. 401, 10 N. E. 703) indicative of the bad faith of the defendants Bloomingdale are the relations between the parties, the coincidence of the mortgage with the opening of the carriage department, the disparity between the debt and the security, the sacrifice at the sale, the purchase by the Bloomingdales themselves at a sale so conducted that an adequate price was impossible, and for a sum enormously below the actual value of the property, and the hurried removal of the goods to prevent interception by the creditors of Krauss.

Argument is made that it is not likely the Bloomingdales would advance their money with knowledge of the fraud, and on an invalid mortgage. But the compensation was equal to the risk, for they thus secured an otherwise worthless debt of $5,000, and supplied their carriage department with stock at half price. Notice of the illegal intent of the mortgagors need not be established by positive proof, but may be inferred from circumstances. Ross v. Caywood, 16 App. Div. 591, 44 N. Y. Supp. 985. I am of opinion that no other deduction from all the facts of the case is permissible than that the Bloomingdales were aware of the purpose of the defendants Krauss to defraud their creditors. Herman v. McKinley, 47 Fed. 758; Beels v. Flynn (Neb.) 44 N. W. 732. "If a creditor do more than obtain his debt, and thereby put it in the power of his debtor to hinder, delay, or defraud other creditors, and does it for that purpose, his act in going beyond what he legitimately might do will taint and vitiate

the whole transaction; as where he takes more goods than are necessary to pay his debt, and pays the difference in money to his debtor." Meyberg v. Jacobs, 40 Mo. App. 128, 137. "A creditor may lawfully receive from a failing debtor, in payment, property reasonably proportioned in value to the amount of the debt; but if he receives property of greater value than the amount of the debt, and pays the excess to the failing debtor, he aids the latter to place his property beyond the reach of his creditors; and the transfer will be set aside, not only to the extent of the excess in value, but as to all the property transferred." Black v. Vaughan, 70 Tex. 47, 49, 7 S. W. 604. The mortgage is void in toto. Swift v. Hart, 35 Hun, 128, 131; Baldwin v. Short, 125 N. Y. 553, 26 N. E. 928.

Judgment for plaintiff, with costs.