## FIRST NAT. BANK OF HEREFORD v. DUNLAP.

(Court of Civil Appeals of Texas. Amarillo. June 21, 1913.)

1. APPEAL AND ERROR (§ 907*) — REVIEW—PRESUMPTIONS—THEORY OF TRIAL.

In an action by the holder of a chattel mortgage against one who purchased the chattels, where the petition is for conversion of the property, and there was no contention on appeal of the violation of an independent collateral promise made by the purchaser to the mortgagee, it will be presumed that the plaintiff's contention at the trial was based upon conversion, and not upon the independent promise, although there was evidence tending to establish such promise.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2899, 2911–2915, 2916, 3673, 3674, 3676, 3678; Dec. Dig. § 907.*]

2. APPEAL AND ERROR (§ 750*) — REVIEW—THEORY OF DECISION IN LOWER COURT.

Where the only specification of error assigned was the refusal of the trial court to give a peremptory instruction for the plaintiff for the conversion of property covered by a chattel mortgage, the court will not reverse a judgment upon a directed verdict for the amount admitted by the defendant to be due, which was correct upon the theory of conversion, for the reason that there was some evidence of an independent promise by the purchaser to pay more to the plaintiff.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3074–3083; Dec. Dig. § 750.*]

3. CHATTEL MORTGAGES (§ 177*)—DAMAGES—CONVERSION — ACTION BY SECOND MORTGAGEES.

A bank which had a chattel mortgage upon an undivided interest in certain sheep, subject to a prior mortgage on the entire interest which the bank held for collection, could recover from the purchaser of the sheep, on the ground of a conversion hostile to the mortgage, only one-half of the value thereof remaining after the purchaser had paid the amount necessary to satisfy the first chattel mortgage.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 336, 340–357, 477; Dec. Dig. § 177.*]

4. CHATTEL MORTGAGES (§ 177*)—CONVERSION—EVIDENCE—MATERIALITY.

In an action for such conversion, testimony of the officers of the bank that they demanded payment of the entire amount in excess of the first mortgage as a condition of releasing their mortgage of the one-half interest is immaterial.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 336, 340–357, 477; Dec. Dig. § 177.*]

Appeal from District Court, Deaf Smith County; D. B. Hill, Judge.

Action by the First National Bank of Hereford against Eli Dunlap. From a judgment for the plaintiff in the amount admitted by defendant to be due, plaintiff appeals. Affirmed.

Carl Gilliland, of Hereford, for appellant. Knight & Slaton, of Hereford, for appellee.

HENDRICKS, J. J. P. Snyder and R. M. Cooper were the owners of 1,577 head of sheep. Clay, Robinson & Co. held a senior lien on these sheep, which at the time of its payment amounted to $4,220, and the First National Bank of Hereford, the appellant herein, held a second mortgage, executed by Cooper, individually, upon an undivided one-half interest in the sheep, for the sum of $3,905.55. The appellee Dunlap purchased the sheep from Snyder and Cooper and a short time thereafter resold the property to another party, who shipped to market, where they were sold and butchered. At the time Dunlap, the appellee herein, purchased the sheep from Snyder and Cooper, the First National Bank of Hereford was representing Clay, Robinson & Co. as a collecting agent, for the purpose of attending to the collection of the note and mortgage, executed by Snyder and Cooper to said Commission Company, and the purchase price of the sheep amounted to $5,110.37, which left a balance of $890.37 after the Commission Company was paid. It is agreed that $3.25 a head was the market value of the sheep "at all the times and places, to the date of this trial." The record suggests that Snyder owed the First National Bank, the appellant, some sum of money, but the amount is not shown, and as

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

security for which the bank had no lien upon Snyder's interest in the sheep. It is undisputed that Snyder, out of the $890.37, had a $200 interest in this amount, and consequently to that extent an interest in the sheep, which amount appellant, unless by virtue of some agreement, was not entitled to, and which agreement was not declared upon by any appropriate pleading in the cause. Appellant, the plaintiff below, predicated its cause of action against Dunlap, the purchaser of the sheep, upon conversion and damages represented by the market value of the sheep. Defendant Dunlap, without setting out the substance of all the pleadings, among other things, alleged that when he purchased the sheep the vice president of the appellant bank participated in the transaction, assisting Cooper particularly in his negotiations with reference to the sale, and that the purchase was not in hostility to the mortgage interest, but in recognition of the same, and to which the appellant bank replied by alleging that Dunlap purchased the same upon condition that said bank would not release its mortgage upon Cooper's interest in said sheep, without the payment to it by Dunlap of the full excess over and above the amount due the Clay-Robinson Company upon its prior mortgage, which Dunlap, however, denied to the extent that he understood the amount to be paid into the bank was the prior mortgage and the amount in excess only representing Cooper's interest in the sheep. The trial court peremptorily instructed the jury for $690.17, which represented the balance of Cooper's interest in the sheep, in favor of the appellant bank on the tender of said amount by the appellee Dunlap, charging the costs of the suit against the bank, and thereby impliedly denying the recovery upon the conversion for the full amount of the damage arising upon the alleged conversion.

[1] Appellant's theory for a reversal of this case, and for a recovery against Dunlap, inferable from his propositions, is based solely upon conversion of the sheep by Dunlap and the damages measured, and arising therefrom, in cases of that character, contending that Dunlap acquired the property in hostility to the mortgage. In this case Dunlap, the appellee, logically speaking, did not acquire this property without a recognition of the mortgagee's interest, nor did he hold the same in hostility, strictly speaking, to said mortgage. He held $200 of the money out of the $890 over and above Clay-Robinson debt, which confessedly did not belong to Cooper, in hostility to an alleged implied contract, which might arise upon the evidence of the bank's officers, based upon the statements made by them that they would not release the Cooper mortgage as to a half interest in the property unless the whole excess was paid to the bank. Appellant's brief, however, is devoid of any assignment or proposition that his theory of recovery against Dunlap is based upon such an independent implied contract, which, of course, was never merged into the bank's mortgage, his contention here being that the measure of its recovery is the value of the sheep on account of the conversion of Dunlap; the mortgage having been asserted in its amended petition as a predicate of recovery, and we presume the same was appellant's theory in the trial court, as there is a lack of complaint in this court, based upon the violation of such independent collateral promise to the mortgage.

[2] Appellant's only assignment of error does not contain any specification of error, and the propositions thereunder, closely examined, refer to the ground of recovery, as stated, upon conversion and for damages for the value of the property resultant from such conversion. This assignment is a complaint of the action of the trial court in peremptorily instructing the jury to find in favor of the plaintiff against the defendant for the sum of $690.17, the amount of the tender "as fully complained of in the tenth assignment of error, in plaintiff's motion for a new trial"; and when we travel to the transcript for the tenth assignment of error in the motion for new trial, we find that this is addressed to the action of the trial court in refusing the first special charge requested by the appellant; and when we find the first requested special charge in the transcript refused by the trial court, the same consists of a requested peremptory instruction (not set out in any statement in the brief) to find for the plaintiff for $2,559.35, with interest from January 27, 1911. In this manner we finally ascertain that the specification of error which appellant attempts to assign in this court is the refusal of the trial court to give this peremptory instruction, which we presume, by process of calculation, appellant is asking for a verdict for a sum of money which represents one-half of the fair market value of the sheep, upon the theory of conversion, and which special instruction, taken in connection with the propositions we are to assume that appellant is assigning error upon a ground of conversion which solely constitutes the complaint in this court. Appellant is unable to recover the $200 belonging to Snyder, from Dunlap, the purchaser of the sheep, upon an implied contract which might arise upon the record, upon the assignment in this court, with reference to a failure of the trial court to peremptorily instruct the jury for a verdict for $2,559.36, and upon propositions based solely upon conversion and damages resultant therefrom. Even if properly briefed, based upon such a theory in this court, we would not reverse the cause upon that ground, the bank having obtained the interest of Cooper in the

sheep which is all it could recover in conversion.

[3, 4] It is agreed that $3.25 is the fair market value per head of the sheep at all times. If Dunlap converted Cooper's one-half interest in the sheep upon which the bank had a chattel mortgage, the most that the bank could recover by virtue of such conversion is about $690, which would represent the interest that Cooper had in the sheep over and above the Clay-Robinson mortgage, and which Dunlap tendered to the bank, and renewed the tender in court; and the conflict in the testimony between the officers of the bank and Dunlap as to whether or not the bank demanded a payment of the whole excess, $890, by Dunlap as a condition to the release of its mortgage, has nothing to do with the theory of recovery asserted in appellant's brief in this court; and there is no appropriate assignment here with appropriate propositions, asserting a theory of recovery, based upon such an implied contract with Dunlap to place all of this excess into the bank, and the authorities cited by appellant in his brief, as applicable to a full recovery for the market value of Cooper's one-half interest in these sheep, based upon conversion, we do not think at all germane to the character of case exhibited by this record. The bank is shown to be holding its second mortgage upon Cooper's one-half interest in the sheep in entire subordination to the mortgage executed by Snyder and Cooper, in favor of Clay-Robinson & Co., which amounted to $4,220, collected by the bank for the prior mortgagee, and the same constituted the proceeds of the purchase money of the sheep, paid by Dunlap to said bank.

A discussion of the cases we believe would be unprofitable. We have considered, in some cases, where we thought the merits of the cause warranted it, assignments which were not full enough of themselves to clearly raise the point, but, aided by the propositions and subjoined statements in reviewing causes altogether raise the point; and, while we have considered this brief upon its merits as to the point attempted to be raised, the brief is really insufficient as a submission of the matter to this court.

The judgment of the trial court is in all things affirmed.