## MORRISS v. KNEPPER.    (No. 2194.)

Court of Civil Appeals of Texas. El Paso.
Nov. 1, 1928.

Rehearing Denied Nov. 28, 1928.

of business of the Fain-Bender Motor Company in Fort Worth by some one unknown to the plaintiff but known to defendant, and carried to Dallas where defendant took possession of the car and converted same.

Upon peremptory charge there was verdict and judgment for plaintiff.

■ The facts in the case are sufficiently shown in the opinion of Justice Buck upon the former appeal and to which we refer. The suit was originally brought in Tarrant county. A plea of privilege was there filed by Morriss and overruled. Upon appeal it was held that venue in Tarrant county was not properly laid because the evidence was insufficient to show that the alleged trespass was committed in that county. The effect of the ruling was the evidence showed the conversion occurred at Dallas. See Morris v. Knepper (Tex. Civ. App.) 272 S. W. 542. The venue was ordered changed to Dallas county. The measure of the plaintiff's recovery is the market value of the car at the time and place of its conversion. The evidence bearing upon the issue of where the conversion occurred is shown in the opinion of the court upon the former appeal. Upon the trial in Dallas county from which the present appeal is prosecuted, no evidence was offered of the value of the car at Dallas, where Morriss received the same. The evidence offered upon the issue as to where the car was converted by Morriss fails more completely than upon the former hearing upon the plea of privilege, and with even greater certainty shows that the conversion occurred in Dallas county. Viewing the same in the light most favorable to appellee, it certainly cannot be said that the court was authorized in withdrawing from the jury the issue of where the conversion occurred and by peremptory charge assume that it was conclusively shown to have occurred in Tarrant county, and instruct a verdict upon the plaintiff's testimony as to the value of the car in that county.

■ The only evidence of value in Fort Worth was the testimony of the plaintiff. He testified that the market value of the car in August, 1924, in Fort Worth was the price he paid for it, to wit, $1,733.34. On cross-examination he testified he was not in the automobile business but bought cars occasionally; that he had not bought a Hudson car in two years. It was common knowledge to him and to everybody else the price of cars fluctuate up and down from day to day, and he got his knowledge of the value of the car by watching the papers prior to the time he purchased the car; that he could not tell the exact price; that he could tell how many hundreds of dollars it was; he could get near the exact price, but it would be a guess. There was no testimony as to the value of the car in October, 1924, either in Dallas or in Fort Worth.

McCormick, Bromberg, Leftwich & Carrington, of Dallas, for appellant.

Cantey, Hanger & McMahon, of Fort Worth, and Thompson, Knight, Baker & Harris, of Dallas, for appellee.

HIGGINS, J. This is a suit by Knepper against Morriss, of Dallas county, to recover damages for the conversion of a Hudson automobile alleged to have been owned by plaintiff and of the market value, with its accessories, of $1,733.34. It was alleged the defendant in person, or by its agent, took possession of the car in Fort Worth and converted same; if mistaken as to the place of conversion, then the same was taken from the place

Defendant did not receive the car in Dallas until October 4, 1924.

If it be considered the court was authorized by the evidence in withdrawing from the jury the issue of the place of conversion and assuming the car was conclusively shown to have been converted in Fort Worth, nevertheless. the plaintiff was an interested witness; the jury was not bound to accept his testimony as true. The issue as to the value in Fort Worth should not have been withdrawn from the jury. Thomas v. Saunders (Tex. Civ. App.) 150 S. W. 768. Especially is this true in view of the fact that plaintiff's testimony shows he was but poorly qualified to testify to value in Fort Worth in October, 1924. Indeed it may be seriously doubted if he was qualified to testify to such value.

■ Appellant assigns as error the refusal of the court to give a peremptory charge in his favor requested upon the theory that title to the car had not passed from the Fain-Bender Motor Company to plaintiff because the car had never been actually delivered to plaintiff but left in the possession of said company to have the tires changed and certain accessories placed upon the car.

It is sometimes broadly stated that where anything remains to be done by the seller of goods before delivery, the buyer acquires no complete present right of property.

But this rule has many qualifications, and if it is the intention of the parties that the title shall presently pass, this intention will be given effect, if possible, and the sale will be considered executed where the subject-matter of the sale is definitely identified and agreed upon even though something remains to be done by the seller before delivery. Wells v. Littlefield, 59 Tex. 556; Goldberg v. Bussey (Tex. Civ. App.) 47 S. W. 49.

■ Here a particular car was agreed upon, definitely ascertained and identified by motor number and otherwise. In this situation the general rule invoked by appellant has no application, provided it was the intention of the parties the title should presently pass prior to the changing of the tires and installation of the accessories agreed upon.

The controlling question was the intention of the parties, and this should have been submitted to the jury, as appellant asserts in another proposition. The evidence tends strongly to show it was the mutual intention of Knepper and the Fain-Bender Motor Company to presently pass the title, but does not conclusively so show.

■ In this connection appellee asserts appellant waived its right to have this and other issues submitted to the jury because at the close of the evidence both parties moved for an instructed verdict, citing Tiblier v. Perez (Tex. Civ. App.) 277 S. W. 189, and Mendlovitz v. Samuels (Tex. Civ. App.) 5 S.W.(2d) 559. We decline to follow the cited cases.

We are in accord with the contrary ruling upon this question announced in the following cases: Citizens' Nat. Bank v. Texas Compress Co. (Tex. Civ. App.) 294 S. W. 331; Bell v. Ramirez (Tex. Civ. App.) 299 S. W. 655; Miller-Vidor Lumber Co. v. Schreiber (Tex. Civ. App.) 298 S. W. 154; Colvin v. Chadwick (Tex. Civ. App.) 291 S. W. 639. See, also, Eberstadt v. State, 92 Tex. 94, 45 S. W. 1007, and Hill v. Stampfli (Tex. Civ. App.) 284 S. W. 237.

■ Those propositions of appellant are overruled which in various forms assert that, because plaintiff had given a mortgage upon the car in question which was unsatisfied, the measure of his recovery was the value of his equity of redemption. Erwin v. Bowman, 51 Tex. 513; Weir Plow Co. v. Armentrout, 9 Tex. Civ. App. 117, 28 S. W. 1045, 29 S. W. 405.

The president of the bank holding the outstanding notes testified the bank was looking to Knepper, the maker of the notes for payment thereof. This state of facts renders inapplicable the case of Terry v. Spearman, 259 S. W. 565, by the Commission of Appeals cited by appellant in support of its insistence stated.

■ The letter written by counsel for appellee to appellant should be excluded upon retrial. It was full of self-serving declarations in behalf of appellee, based upon hearsay, and was irrelevant to any contested issue of fact in the case. That plaintiff had demanded return of the car was abundantly otherwise shown by competent evidence, including the defendant's own testimony, and was not a contested issue.

■ The testimony of Knepper, the admission of which is the basis of appellant's fifteenth proposition, was not objectionable. It was a part of a conversation between Knepper and an officer of the Fain-Bender Motor Company with respect to the substitution by the latter of the transmission in the car which Knepper claimed to have bought. The conversation as a whole was admissible for the purpose of showing the mutual understanding of the parties that title to the car had already passed to Knepper. It was therefore competent upon the issue of intention discussed above.

Other questions presented are without merit, or should not arise upon retrial.

We have not attempted to discuss separately and at length the numerous propositions and counter propositions presented in the voluminous briefs. It is believed what has been said sufficiently disposes of all material questions presented.

Reversed and remanded.