**KENNANN et al. v. DEATS.**

No. 6282.

Court of Civil Appeals of Texas. Amarillo.

Feb. 23, 1953.

Rehearing Denied March 23, 1953.

E. O. Northcutt, Amarillo, for appellant (perfected this appeal before becoming a member of this court).

S. E. Fish, Amarillo, for appellee.

MARTIN, Justice.

Appellee, George W. Deats, alleged that he purchased a Pontiac automobile from Orbin Carroll, a tenant of appellants. James R. Kennann & Ethel Kennann. The Pontiac automobile had been wrecked and was to be rebuilt and delivered to the appellee who testified that he paid a cash consideration of $500 for the automobile and assumed a lien debt against the same for the further sum of $1,000. Appellee sued appellants for conversion of this Pontiac automobile alleging that they had locked the same in the building owned by appellants and retained possession of the same to appellee's damage. On a trial before the court, appellee recovered judgment against appellants for the sum of $1,500 as the reasonable market value of the automobile, $300 damage for being deprived of the use of the same and $200 as exemplary damage, a total of $2,000.

Appellee admitted that he had re-financed the original $1,000 debt and lien and that the Pontiac automobile, at the time of the alleged conversion, was subject to a debt and lien in the original amount of $1,186.95 owned by Ray Green Finance Company. The evidence further reveals that appellee was in default as to this loan and had left the State of Texas and was residing in Vallejo, California.

Appellants' point seven is as follows: "The trial court erred in granting judgment for the plaintiff for $1500 as reasonable market value of the automobile because plaintiff alleged the reasonable market value was $1200 and he testified he had a lien against the automobile for $1186.95 and plaintiff could not have been damaged more than the equity in said car." This point of error will be discussed first as the same raises the paramount issue in this cause.

The facts in this cause, and the issues raised thereunder, are practically parallel with those found in Terry v. Spearman, Tex.Com.App., 259 S.W. 563, 565. In Terry v. Spearman, supra, Mattie Spearman

stands in the position of the appellee shown as purchaser of the Pontiac automobile in the cause here at issue and one A. M. Rhyne, the lienholder in Terry v. Spearman, stands in the position of the Ray Green Finance Company, owners of the lien on the Pontiac for $1,186.95. The only difference in the facts here at issue and those found in Terry v. Spearman is that Rhyne as lienholder had instituted foreclosure proceedings on his lien but this proceeding was only recited by the Commission of Appeals as evidence that the mortgage debt and lien were in default. It is noted also that Rhyne's mortgage debt exceeded the value of the property which left no equity of redemption.

The following quotation from Terry v. Spearman, supra, decrees the measure of damage that should have been applied by the trial court to the cause now before this court of appeal:

> "It is also generally true that after default the mortgagee is entitled to take possession, or he may proceed with foreclosure. * * * On the other hand, the mortgagor or one holding under him would have the right to proceed to recover the value of the equity of redemption or the value of the use and possession of the property during the time he was entitled to hold it. * * * If it be true, as alleged, that Rhyne had filed suit for foreclosure of the mortgage at the time of the levy in July, 1919, then it must be true that default had theretofore been made in payment of the debt secured by the mortgage. This being the case, Rhyne had the right to prosecute suit for the value of the property, on the theory of wrongful conversion; and the right of Mattie Spearman to recover, if at all, was limited to the value of the use and possession of the property during the time she was wrongfully deprived of such use and possession, as there was no equity of redemption in her favor."

Under the above measure of damage as decreed by the Commission of Appeals, since the facts are undisputed that the appellee owed an original purchase money debt of $1,186.95 secured by a chattel mortgage lien on the Pontiac automobile and that appellee was in default as to such debt and lien, he was not entitled to judgment for the full market value of the automobile in the sum of $1,500 as recovered in the judgment of the trial court. Terry v. Spearman, supra; Field v. Munster, 11 Tex.Civ. App. 341, 32 S.W. 417, affirmed by the Supreme Court in 89 Tex. 102, 33 S.W. 852; First Nat. Bank of Hereford v. Dunlap, Tex.Civ.App., 159 S.W. 502. Appellants' point seven is accordingly sustained.

An examination into the issue as to the correct measure of damage to be applied to the uncontroverted facts in this cause reveals the cause of Morriss v. Knepper, Tex.Civ.App., 10 S.W.2d 1012 which has been examined on the issue as to the correct measure of damage applicable here. In the record of the cause here on appeal there is no evidence that the Ray Green Finance Company was looking to appellee, the maker of the note, for payment of the same. The complete absence of this issue of fact from the record on appeal places the cause under Terry v. Spearman, supra, and distinguishes this record from the one ruled on in Morriss v. Knepper, supra, Syl. 6.

In addition to the fact that an examination of the record on appeal discloses no evidence that the finance company was looking to appellee for payment of the note, such record further reveals by the testimony of H. L. Davenport, agent for the finance company, the following facts:

> "Mr. Deats (appellee) paid four payments and then offered excuses for being past due for about three months, and when we decided to close the account, we discovered he was not in Slaton any more; that he had moved to Vallejo, California."

It is also noteworthy that appellee did not appear for trial of the cause, but testified by deposition from Vallejo, California. Under these facts, it is obvious under the applicable law that if appellee has no property other than the mortgaged automobile within the State of Texas the finance company is limited entirely to a foreclosure of its lien on the Pontiac automobile given as security for the debt. Therefore, if appel-

lee is paid his $2,000 judgment and the finance company takes the Pontiac automobile for its debt and lien, appellants have had nothing for their $2,000 but a rich experience in the field of litigation while appellee has turned a net profit of $1,500 on the original $500 which he alleges he paid in cash to the tenant of the appellants.

 "No absolutely rigid rule may be laid down applicable to every state of facts in conversion cases. Compensation for the injury is the result to be obtained; Field v. Munster, 11 Tex.Civ.App. 341, 32 S.W. 417, affirmed 89 Tex. 102, 33 S.W. 852; and while the wrongdoer is not allowed to profit from his own wrong, the same rule should apply to the party allegedly aggrieved." Minter v. Sparks, Tex.Civ.App., 246 S.W.2d 954, 957[4].

Appellee, in his original petition, pleaded that the reasonable market value of the automobile was $1,200 and that he had sustained damage in such amount by being prevented from completing a sale of the automobile. He also sought $500 damage for traveling expenses and losses incurred in attempting to secure the release of the automobile. Appellee included in the prayer to his petition a request for $500 exemplary damage but this item is not found in his pleadings. Following the filing of appellants' first amended answer, appellee filed his first supplemental petition as an answer to appellants' pleadings. In appellee's supplemental petition, he alleged that the $1,200 shown in his original petition was wholesale value and pleaded in such supplemental petition that the retail value of such automobile was $1,650.

 The rule of law asserted by appellee in this cause to the effect that an instrument designated as a supplemental petition, in the absence of exception, may be accepted by the trial court as merely an amendment to the original petition is recognized here. Glenn v. Dallas County Bois D'Arc Island Levee District, 114 Tex. 325, 268 S.W. 452; Southland Life Ins. Co. v. Greenwade, Tex. Civ.App., 143 S.W.2d 648, Syl. 6, affirmed 138 Tex. 450, 159 S.W.2d 854. But attention is also directed to Humble Oil & Refining Co. v. Webb, Tex.Civ.App., 177 S.W. 2d 218, Syl. 8. Upon another trial of the cause, appellee's pleadings should be amended.

The ruling hereinabove made as to the correct measure of damage to be applied in this cause requires that the case be reversed and remanded. This action renders unnecessary a ruling on other points of error.

The judgment of the trial court is reversed and the cause is remanded for a new trial.

NORTHCUTT, J., not sitting.